IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
SACKS HOLDINGS, INC.,        )
                             )
          Plaintiff,         )
                             )
    v.                       )    1:23CV1058
                             )
GRIN NATURAL USA LIMITED,    )
et al.,                      )
                             )
          Defendants.        )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Motion to Compel (Docket Entry 86), which seeks an order "requir[ing two nonparties] to immediately produce all documents which are responsive to the subpoenas served on them without regard to any objections" (id. at 2). Because (A) such "[a] motion for an order to a nonparty must be made in the court where the discovery is or will be taken," Fed. R. Civ. P. 37(a)(2), and (B) the subpoenas at issue demand production of documents in San Francisco, California (see Docket Entry 87-2 at 16, 33),[1] the Court will deny the instant Motion without prejudice to its filing in the proper court.

### INTRODUCTION

After Plaintiff filed this case in this Court (see Docket Entry 1) and the undersigned Magistrate Judge adopted a scheduling order (see First Text Order dated Mar. 2, 2024), Plaintiff

---

[1] Pin cites to Docket Entry 87-2 refer to the page numbers that appear in the footer appended to that document upon its docketing in the CM/ECF system (not to any internal pagination).

"provide[d] notice[s to Defendants] that [document] subpoenas . . . [we]re being served on [two non]part[ies]" (Docket Entry 87-2 at 4 (referring to id. at 16-26), 27 (referring to id. at 33-43); see also id. at 6 (reflecting service date for notice of May 10, 2024), 29 (same); Docket Entry 87-3 at 2 (documenting service of subpoena on one nonparty); Docket Entry 87-5 at 2 (documenting acceptance of service of subpoena on behalf of second nonparty)). Those subpoenas – issued under this Court's authority – set the place for production as San Francisco. (See id. at 16, 33.) On July 1, 2024, "[p]ursuant to Local Rule 37.1(b)" (Docket Entry 83 at 1), Defendants and the nonparties served with those subpoenas "request[ed] an in-person conference, without briefing, to resolve [four] disputed issues" (id.). As to the second of those issues, the non-parties sought "an order from the Court declaring that [they] preserve[d] their objections . . . to Plaintiff's subpoenas." (Docket Entry 83-1 at 2.) The undersigned Magistrate Judge held the requested hearing (see Minute Entry dated July 9, 2024), but – because only the first of the four "dispute[d issues could] be ruled upon in an in-court hearing of no more than one hour, without briefing," M.D.N.C. LR 37.1(b) – "den[ied] relief as to [disputed i]ssues 2, 3, and 4 . . ., without prejudice to any party's (or nonparty's) right to file a proper motion (and supporting brief) seeking proper relief regarding those issues" (Text Order dated July 9, 2024).

-2-

> Now, via the instant Motion,
>
> > pursuant to Federal Rules of Civil Procedure 37 and 45, [Plaintiff has] move[d] the Court for entry of an order (1) requiring [the two nonparties] to immediately produce all documents which are responsive to the subpoenas served on them, withholding no documents on the basis of any objections; and (2) awarding [Plaintiff] its reasonable attorneys' fees in bringing th[e instant M]otion.

(Docket Entry 86 at 1.)

<u>DISCUSSION</u>

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "A motion for an order to a nonparty <u>must</u> be made in the <u>court where the discovery is or will be taken</u>." Fed. R. Civ. P. 37(a)(2) (emphasis added). Consistent with that mandate, in the context of a document subpoena, "on notice to the commanded person, the serving party may move the <u>court for the district where compliance is required</u> for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added); <u>see also</u> Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena . . . ."). Those rule provisions thus authorize the filing of the instant Motion <u>not in this Court</u>, but instead in the United States District Court for the Northern District of California, i.e., the court which encompasses San Francisco, <u>see</u> 28

-3-

U.S.C. § 84(a), the place where the subpoenas at issue demanded production (see Docket Entry 87-2 at 16, 33).

"When it appears that subpoena-related motion practice may have been filed in the wrong district, the Court may raise that potential defect sua sponte." York Holdings, Ltd. v. Waid, 345 F.R.D. 626, 627 (D. Nev. 2024) (internal quotation marks and italics omitted). Anticipating that possibility, Plaintiff's memorandum supporting the instant Motion makes this argument:

> While [Federal] Rules [of Civil Procedure] 37 and 45 usually require a motion to compel to be brought in the court where compliance is required, [Federal] Rule [of Civil Procedure] 45(f) also provides that a court may transfer such a motion related to subpoenas to the issuing district when the subject of the subpoena consents or if the court otherwise finds exceptional circumstances. In the interest of efficiency and to avoid motions to transfer, the parties have conferred and agreed the proper forum for this dispute is this Court as the issuing court familiar with the underlying litigation. The parties have also conferred and agree that the law of this circuit should apply to this dispute.

(Docket Entry 87 at 3 (emphasis added).)

The referenced rule does "provide[] that the court where compliance is required may transfer the matter to this Court 'if the person subject to the subpoena consents.'" Omnitracs, LLC v. Platform Sci., Inc., No. 20CV958, 2023 WL 2815363, at *1 (S.D. Cal. Apr. 6, 2023) (unpublished) (quoting Fed. R. Civ. P. 45(f)); see also Fed. R. Civ. P. 45(f) ("[T]he court where compliance is required . . . may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the

-4-

court [where compliance is required] finds exceptional circumstances."). "Here, however, the parties have completely skipped that step." Omnitracs, 2023 WL 2815363, at *1 (internal quotation marks omitted). This Court cannot ignore that fact because, although "[t]he rules provide the potential for transferring a subpoena-related motion from the court where compliance is required to th[is C]ourt," York Holding, 345 F.R.D. at 627 n.2 (citing Fed. R. Civ. P. 45(f)), "[t]he authority to make th[at] decision rests with the court where compliance is required," id. (citing Fed. R. Civ. P. 45(f)). "As such, this [transfer] provision does not allow a movant to bypass, in the first instance, the court for the district where compliance is required." Id. at 627-28 n.2; see also In re Application of ALB-GOLD Teigwaren GmbH, No. 19MC1166, 2020 WL 122943, at *7 n.2 (E.D.N.Y. Jan. 10, 2020) (unpublished) ("[The applicant] argues that it is unlikely that the Southern District of Florida would decline to transfer a motion to compel back to this [c]ourt pursuant to [Federal Rule of Civil Procedure] 45(f). This [c]ourt is not prepared to opine on the likelihood that another court will grant a particular motion, nor is this [c]ourt persuaded that it has the power to override Rule 37 of the Federal Rules of Civil Procedure at a party's request." (internal brackets, citation, and quotation marks omitted)).[2]

---

[2] The consent of the subpoenaed nonparties does not alter that conclusion. See Omnitracs, 2023 WL 2815363, at *1 (refusing, as
(continued...)

To the contrary, "[w]hen a subpoena-related motion has been filed in the wrong [d]istrict, courts routinely deny that motion without prejudice to [the movant] refiling it in the proper tribunal." York Holdings, 345 F.R.D. at 627; accord, e.g., Pagan v. Dent, No. 3:21CV1621, 2023 WL 2226792, at *2 (M.D. Pa. Feb. 24, 2023) (unpublished); Arrowhead Cap. Fin., Ltd. v. Seven Arts Entm't, Inc., No. 14 CIV. 6512, 2021 WL 411379, at *2-3 (S.D.N.Y. Feb. 5, 2021) (unpublished); Certain Interested Underwriters v. American Realty Advisors, Nos. 5:16CV940, 5:17CV74, 2018 WL 4704033, at *2 (E.D.N.C. Sept. 29, 2018) (unpublished); Lifesize, Inc. v. Chimene, No. 16CV1109, 2017 WL 7052297, at *1 (W.D. Tex. July 20, 2017) (unpublished); see also In re Smerling Litig., No. 21 CIV. 2552, 2022 WL 684148, at *2 (S.D.N.Y. Mar. 8, 2022)

---

²(...continued)
the court which issued subpoena served on a nonparty, to "rule on the parties' dispute related to [that] subpoena to [a nonparty] unless and until the [d]istrict [c]ourt where compliance is required transfers the matter to th[e issuing court]," and so holding "notwithstanding [the nonparty's] apparent consent to have th[e issuing c]ourt adjudicate the [subpoena-related] dispute"); Certain Interested Underwriters v. American Realty Advisors, Nos. 5:16CV940, 5:17CV74, 2018 WL 4704033, at *2 (E.D.N.C. Sept. 29, 2018) (unpublished) ("[B]y the plain terms of subdivision (f) [of Federal Rule of Civil Procedure 45], the consent of the person subject to the subpoena does not obviate transfer by the court where compliance is required, but simply constitutes a ground upon which that court 'may' transfer a motion." (quoting Fed. R. Civ. P. 45(f))). "Further, it is not entirely clear that [the nonparties served with the subpoenas at issue] even consent[ed] to transfer." Certain Interested Investors, 2018 WL 4704033, at *1. As quoted above, the brief in support of the instant Motion states "that '[the] parties' have consented to this [C]ourt hearing the [instant M]otion. [The nonparties are], of course, [] nonpart[ies]." Id.

(unpublished) ("Because this [c]ourt has jurisdiction over the case, [the movant] argues that [the court] has jurisdiction over the [subpoena-related m]otion. [The movant] further contends that, given the complexity of the case, it would serve the interest of judicial economy for this [c]ourt to decide the [subpoena-related m]otion. That is not how it works. Having jurisdiction over the case only affects this [c]ourt's power to issue the subpoena . . . ." (internal citations and quotation marks omitted)).[3]

## CONCLUSION

"Under the [F]ederal [R]ules [of Civil Procedure], the United States District Court for the [North]ern District of California is the exclusive forum where [P]laintiff[] may properly file a motion to compel [the nonparties] to comply with the subpoena[s] at issue." Pagan, 2023 WL 2226792, at *2. Accordingly, "[t]he [instant M]otion is not cognizable in this Court unless and until it is transferred to this Court pursuant to [Federal] Rule [of Civil Procedure] 45(f)." Arrowhead Cap., 2021 WL 411379, at *3; see also Fed. R. Civ. P. 45 advisory comm. notes, 2013 amend.,

---

[3] "Some courts apply a jurisdictional analysis to the geographical questions that surround [Federal] Rule [of Civil Procedure] 45 disputes. Other courts reject a jurisdictional approach . . . . Regardless of the label attached to the problem, the pivotal question necessarily and repeatedly becomes 'where is compliance required?'" Federal Ins. Co. v. Tungsten Heavy Powder & Parts, Inc., No. 21CV1197, 2022 WL 2820667, *6 (S.D. Cal. July 18, 2022) (unpublished) (internal citations omitted). As previously established, the subpoenas at issue mandate compliance in the Northern District of California.

subdiv. (f) ("[I]t should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions.").[4]

**IT IS THEREFORE ORDERED** that the instant Motion (Docket Entry 86) is **DENIED WITHOUT PREJUDICE TO REFILING IN THE PROPER COURT.**

                                               /s/ L. Patrick Auld
                                                     **L. Patrick Auld**
                                      **United States Magistrate Judge**
July 25, 2024

---

[4] Given the parties' expressed "interest [in] efficiency and [] avoid[ance of] motions to transfer" (Docket Entry 87 at 3), the undersigned Magistrate Judge encourages the parties (and the nonparties) to renew their efforts to find a resolution of this dispute which would avert further subpoena-related litigation in the Northern District of California or this Court.