# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SACKS HOLDINGS, INC., | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) Case No.: 1:23-cv-1058 |
| | ) |
| v. | ) |
| | ) |
| GRIN NATURAL USA LIMITED, GRIN NATURAL US LIMITED, GRIN HOLDINGS LIMITED, GRIN NATURAL PRODUCTS LIMITED, GRIN NATURAL PRODUCTS AUSTRALIA PTY, | ) |
| | ) |
| Defendants/Counterclaim Plaintiffs. | ) |

### DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants/Counterclaim Plaintiffs, Grin Natural USA Limited ("Grin USA"), Grin Holdings Limited ("Grin Holdings"), Grin Natural US Limited ("Grin US"), Grin Natural Products Australia PTY ("Grin Australia"), and Grin Natural Products Limited ("Grin Natural") (collectively, "Grin"), by and through their undersigned attorneys, Davis Wright Tremaine, LLP, hereby serves the following First Set of Interrogatories (the "Interrogatories") on Plaintiff Sacks Holdings, Inc. ("Sacks") and requests that Sacks respond to each, separately, in writing, under oath, to Grin's counsel at the offices of Davis Wright Tremaine LLP, 1251 Avenue of the Americas, 21st Floor, New York, NY

10020, within thirty (30) days of the date of service of these Interrogatories. These Interrogatories shall be deemed continuing, and the responses are to be seasonably amended or supplemented as provided in Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

1. As used herein, "you," "your," or "Sacks" means Sacks Holdings, Inc. and all of its parent, subsidiary and affiliate companies, principals, agents, employees, contractors, independent contractors, representatives, assigns, private investigators, counsel, and any and all other persons acting on its behalf.

2. As used herein, "Grin" means Grin Naturals Holdings Limited, Grin Natural USA Limited, Grin Natural Products Limited, and all of their parent, subsidiary and affiliate companies, principals, agents, employees, contractors, independent contractors, representatives, assigns, private investigators, counsel, and any and all other persons acting, or purporting to act, on their behalf.

3. As used herein, "Action," or "Litigation" shall refer to the instant case before the United States District Court for the Middle District of North Carolina, case number 1:23-cv-1058.

4. As used herein, "Complaint" means the Complaint in this Action filed by Sacks on or about December 4, 2023.

5. As used herein, "Counterclaim" means the Amended Answer and Counterclaim filed by Defendant on April 6, 2024.

6. As used herein, "Chodorow Declaration" means the Declaration of Devin Chodorow dated March 12, 2024, filed in this Action

7. As used herein, "Sack's Grin Mark" means the "GRIN" and/or "GRIN ORAL CARE" marks identified in Paragraphs 12 through 15 of the Complaint, as well as all variations and formatives thereof, used, intended to be used, or applied for by Sacks and all common law trademark rights Sacks claims in the trademarks.

8. As used herein, "Sacks' Goods" means dental flossers, dental floss, dental floss picks, tongue scrapers, tongue brushes, tongue cleaners and any "other related oral care products," as that phrase is used in Paragraph 15 of the Complaint.

9. As used herein, "Sacks' ITU Goods" means Orthodontic appliances for treatment of bruxism and temporomandibular disorders, namely, mouth guards for dental purposes and mouth guards for dental purposes being worn at night for over the counter sale to general consumers; Interdental cleaners, namely, including interdental brushes for cleaning teeth, soft interdental cleaners and Toothbrushes; Dental Guards, in the nature of bite trays to prevent teeth grinding; toothpaste, tooth powders, tooth polishes, teeth whitening preparations; dental rinses for non-medical purposes; non-medicated mouthwash; mouth rinse pulling oils; Medicated anti-cavity dental rinses; toothbrush head covers, and toothbrush cases.

10. As used herein, "Grin's GRIN Mark" means any mark comprised of or incorporating the term "GRIN" used, applied for, registered, or owned by any Grin, in any jurisdiction, including but not limited to U.S. Reg. No. 7,058,028, registered on May

3

23, 2023, for toothpaste in International Class 3, and dental floss, finger toothbrushes, and toothbrushes in International Class 21, and all common law rights related thereto.

11. As used herein, "Grin's Goods" means toothpaste, dental floss, finger toothbrushes, toothbrushes, dental flossers and dental floss picks.

12. As used herein, "Ozdent" means Ozdent Pty Ltd, an Australian Private Company (ABN 67 109 658 746), doing business under various trading names and DBAs, including but not limited to Ozdent, TSB The Smile Boutique, Ozdent Dental Products Australia, Go2, and Dentagenie, and all of its parent, subsidiary and affiliate companies, principals, agents, employees, contractors, independent contractors, representatives, assigns, private investigators, counsel, and any and all other persons acting, or purporting to act, on its behalf.

14. As used herein, "Packaging Marks" means any trademark other than Sacks' Grin Mark that is affixed to and/or displayed on the packaging for Sacks' Goods offered or sold under Sacks' Grin Mark, including but not limited to EARTH LOVIN', FLOSSPYX, SOFTSTX, GO2, DENTAGENIE and doing business under various trading names and DBAs, including but not limited to Ozdent, TSB The Smile Boutique, Ozdent Dental Products Australia, GO2, DENTAGENIE, and **g** .

15. As used herein, the term "Person" includes all natural persons, firms, associations, organizations, partnerships, businesses, trusts, governmental entities, joint ventures, corporations or public entities. Additionally, the singular and plural forms are used interchangeably, as are the masculine and feminine forms.

4

16. As used herein, the terms "and" and "or" are meant as both conjunctive and disjunctive.

17. As used herein, the term "Representative" includes all organizations, corporations, partnerships, associations, joint ventures and all other individuals or groups of individuals which has the purpose of conducting business on behalf of a Person.

18. As used herein, the term "Communications" means any oral or written transmittal, correspondence, and/or receipt of words or information, whether such was by chance, pre-arranged, formal or informal,

19. As used herein, "Document" is synonymous with the broadest sense of the terms "Document" and "Tangible Thing" as used in Fed.R.Civ.P. 34. The terms "Document" and "Documents" also includes all Electronically Stored Information ("ESI"), regardless of the type of Electronic Storage Device on which it is stored. (The terms "Electronically Stored Information" and "Electronic Storage Device" are defined immediately below.)

20. As used herein, the term "Electronic Storage Device" means and includes any device capable of storing ESI for any period of time, including without limitation disks, including hard disks and floppy disks, CD-ROMs, DVDs, servers, network servers, cloud-based storage, shared servers, computers, cameras, camera or video equipped devices, magnetic tape, back-up tape, voice mail, temporary files, telephones, PDAs and tablets, whether currently on the person's premises or otherwise (e.g., at an employee's or other person's office, home, or remote office).

21. As used herein, the term "Electronically Stored Information" or "ESI" means electronically stored information within the meaning of Fed. R. Civ. P. 34, and shall include without limitation any information, including files, documents, images, video, metadata, or any combination thereof stored, created, or used on any Electronic Storage Device, disk, tape (including back-up tapes and other back-up media), or other storage or recording medium, microfilm, microfiche, floppy, or any other storage or recording medium. ESI includes without limitation electronic mail messages, voicemail messages, instant messaging or IM, text messages, messages on social media, information stored on web pages or web servers, and database records.

22. As used herein, "Communication" or "Correspondence" means any transfer of information, ideas, opinion or thought by any means, at any time or place, under any circumstance, and is not limited to transfers between persons, but includes other transfers such as records and memoranda to file, including, data entered into a computer-stored or readable file. "Communication" or "correspondence" specifically includes, but is not limited to, texts, SMS, conversations in person, telephone conversations, telegrams, telexes, facsimiles, letters, electronic mail messages, reports or memoranda, formal statements, newspaper stories, notes of telephone conversations, notes of meetings, data compilations, and electronically stored data, including texts and communication via communication platforms including but not limited to WhatsApp, Tik-Tok, Skype, Viber, Telegram, FaceTime, Slack, Dropbox, Guru, Hive, Basecamp, Microsoft Teams, Zoom, Google Meet, etc. References to Communications with business entities shall be deemed

6

to include Communications with all officers, directors, employees, agents, attorneys or other representatives of such entities.

23. As used herein, "Concerning" or "Concern" means to consist of, constitute, contain, concern, compromise, comment upon, describe, evidence, embody, reflect, identify, state, summarize, deal with, memorialize, pertain to or have any logical or factual connection whatsoever with the subject matter to which they refer, regardless of whether the connection is favorable or adverse to any party to this action.

24. In the case of a Person, the term "identify," or any variation of the term "identify," shall mean to specify the full name, present position and business affiliation of such Person, and last known physical address (including apartment number, if applicable), email address, telephone number and facsimile number for such Person. In the case of an Entity, "identify" shall mean to specify the state, name, place of incorporation, address and principal place of business and identity of officers or other Persons having knowledge of the matter with respect to which the company is named. In the case of "Document," "identify" shall mean to specify the identity of the Persons originating and preparing it and the sender, its general type (e.g., letter, memo, report, invoice, etc.), title, identifying number and the general nature of its subject matter, the identity of the addressees and distributees, if any, its dates of preparation, its dates and manner of transmission, distribution and publication, if any, location of each copy (including title, index number and location of the file in which it is kept or from which it was removed) and identity of the present custodian or Person responsible for its filing or

7

other disposition, identity of Persons who can authenticate or identify it, and, if privilege against production is claimed, the specific basis therefore and a complete specification and description of every fact upon which the claim or privilege is based.

25. As used herein, "Describe" means to give a full, frank, and accurate discussion of whatever is the subject of the inquiry. With respect to communications, "describe" means to state the person(s) who made the communication, the person(s) to whom the communication was directed, the date of the communication, the substance of the communication, and the method of communication (i.e., whether by telephone, letter, in person, or through some other means).

26. As used herein, the singular shall include the plural, and the present tense shall include the past tense, and vice versa.

## INSTRUCTIONS

These instructions are subject to the definitions set forth in the preceding "Definitions" section.

1. In responding to the following Interrogatories, you shall furnish all information (including all information contained in Documents or any other tangible thing or material) that is known or available to you, including information in the possession, custody, or control of your employees, attorneys, accountants, investigators, experts, representatives, or other agents who have acted or are now acting on your behalf or under your employment, direction or control.

8

2. You shall respond completely to each Interrogatory, setting forth the questions in full followed by each answer.

3. If you are unable to answer any Interrogatory fully and completely, after exercising due diligence to obtain the information to do so, please so state and answer such interrogatory to the fullest extent possible, and further specify the facts on which you rely to support your contention that you are unable to answer the Interrogatory fully and completely. State that knowledge, information and belief you have concerning the unanswered portion of such Interrogatory, and state fully, completely and in detail the efforts taken and the inquiries made by you to show that you have exercised due diligence to secure the information to fully answer that Interrogatory.

4. If, in answering the following Interrogatories, you state in whole or in part "I do not know" or "unknown" or otherwise indicate any similar lack of knowledge, you shall state in detail all efforts made to obtain the information requested, the nature of any continuing efforts in that regard, and by whom such efforts were and are being made.

5. If you claim that the attorney-client privilege or any other privilege is applicable to the response to any of these Interrogatories, you shall state (a) the nature of the allegedly privileged information, i.e., written or oral; (b) the date of the Communication; (c) the parties to that Communication; and (d) the subject matter and circumstances of each Communication in sufficient detail to allow a ruling on such claim as to said Communication.

9

6. These Interrogatories are continuing in nature and if you later learn that any responses are inaccurate or incomplete, you must reasonably supplement your responses as required by Federal Rule of Civil Procedure 26(e).

7. In the event you contend that any of these Interrogatories are objectionable, in whole or in part, state with particularity each such objection and the bases therefore, and respond to the remainder of the Interrogatory to the extent that you are not objecting to it.

8. If any Interrogatory is ambiguous or unclear to you, please contact undersigned counsel as soon as possible so that the Interrogatory can be clarified to avoid unnecessary delays in discovery.

9. Grin reserves the right to serve supplemental or additional interrogatories.

## INTERROGATORIES

**Interrogatory No. 1:** Describe in detail the facts and circumstances concerning the founding of Grin Oral Care (Sacks) as referenced in Paragraph 5 of the Chodorow Declaration, including the timing, steps and reasons for the founding and the identities of all person with knowledge thereof.

**Interrogatory No. 2:** Describe in detail the facts and circumstances concerning the conception, creation, selection, and adoption of Sacks' Grin Mark for Sacks' Goods and Sacks' ITU Goods, including the timing and reasons for the same and any alternative names or marks Sacks considered as part of the process.

**Interrogatory No. 3:** Identify each search or other investigation conducted by or for You relating to the availability for potential use or registration of Sacks' Grin Mark for Sacks' Goods or Sacks' ITU Goods, including the timing and purpose of the same.

**Interrogatory No. 4:** Describe in detail all Your plans and steps towards the offering, providing, or sale of any of Sacks' Goods or Sacks' ITU Goods under or in connection with Sacks' Grin Mark in the United States prior to 2020.

**Interrogatory No. 5:** Identify all trademarks, service marks, or trade names consisting of or incorporating the designation "GRIN" that You have used, registered, or recorded, or attempted to use, register, or record, in any jurisdiction, describing with specificity the current status of each such trademark, service mark, and/or trade name.

**Interrogatory No. 6:** Identify and fully describe all trade channels in the United States through which Sacks' Goods and Sacks' ITU Goods have been sold under Sacks' Grin Mark, including retail stores, wholesale outlets, Internet websites, direct mail operations, or other trade channels, and specify the dates on which such products were sold and which of such stores are currently selling such products.

**Interrogatory No. 7:** Identify and describe the nature and amount of profits from the sale in the United States of Sacks' Goods and Sacks' ITU Goods under or in association with Sacks' Grin Mark, by month and product (or SKU), describing with particularity the methodology used to compute or otherwise arrive at each element of revenue, cost or deduction, and the total amount thereof.

**Interrogatory No. 8:** For each year from 2016 to the present, identify and describe all costs and amounts expended by Sacks or its licensee(s) to promote, market, and advertise goods or services actually or planned or intended to be sold, offered, distributed, provided, or licensed under or in connection with Sacks' Grin Mark, by month and year, for the United States, including but not limited to dollars (USD) spent on advertising and marketing in the United States.

**Interrogatory No. 9:** Identify and fully describe any and all market research conducted by or on behalf of Sacks prior to 2021 concerning Sacks' Grin Mark, Grin's GRIN Mark or any goods or services marketed or proposed to be marketed under Sacks' Grin Mark or Grin's GRIN Mark, including the timing and results of such research.

**Interrogatory No. 10:** Identify and fully describe each instance in which Sacks or any person acting on Sacks' behalf received any communication, written or oral, from any person which demonstrates, suggests, or implies that the person or any other person believed or may have believed that Grin, Grin's GRIN Mark, or Grin's products or services were approved or sponsored by, or connected, associated, or affiliated with Sacks, Sacks' Grin Mark, and Sacks' products, including, without limitation, any instances where any person inquired about whether Grin's products or services originate from Sacks, or whether a connection or relationship exists between Grin, Grin's GRIN Mark, or Grin's products and services, on the one hand, and Sacks, Sacks' Grin Mark, or Sacks' products, on the other hand, and identify all documents and things relating thereto.

**Interrogatory No. 11:** Identify all written or oral agreements including, without limitation, all licenses, sublicenses, assignments, co-existence agreements, settlement agreements, partnership agreements, and joint venture agreements, in which You are a party that involve Sacks' Grin Marks or the Packaging Marks, including the date, parties to the agreement, and the subject matter of the agreement.

**Interrogatory No. 12:** Describe in detail any communications, internal or external, concerning Grin, Grin's GRIN Mark, or Grin's products, including, without limitation, Grin's rights in Grin's GRIN Mark, the distinctiveness of Grin's GRIN Mark, and confusion with Grin's GRIN Mark, and any actions taken by You as a result of such communications.

**Interrogatory No. 13:** Identify which of Sacks' Goods and Sacks' ITU Goods that Sacks offers under Sacks' Grin Mark were designed in-house by Sacks' team and include unique and propriety features protected by issued and pending patents, as alleged in Paragraph 22 of the Complaint, and which are third party designed products.

**Interrogatory No. 14:** Identify the circumstances through which you learned of each of Grin's actions or products that are the subject of the Complaint, specifically identifying what you learned, the date you acquired the information, the manner in which such knowledge was obtained, what person(s) communicated and received the information, their position in the company, and all persons known to you who have knowledge of such facts alleged.

**Interrogatory No. 15:** Identify and describe in detail all business relationships, including but not limited to investments and ownership interests, between You and Ozdent.

**Interrogatory No. 16:** Identify each person who provided answers or otherwise assisted in the preparation of answers to the foregoing Interrogatories, specifying the information which he or she provided.

Dated: New York, New York
June 23, 2024

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

                                          */s/ Gayle Roxanne Elings*
Gayle Roxanne Elings
NY Bar No. 2145662
E-mail: roxanneelings@dwt.com
1251 Avenue of the Americas, 21st Floor,
New York, NY 10020-1104
Telephone: 212.603.6416

L. Danielle Toaltoan
NY Bar No. 5074315
E-mail: danielletoaltoan@dwt.com

Latoya A. Tyson
DC Bar No. 1618237
E-mail: latoyatyson@dwt.com

*/s/ David W. Sar*
David W. Sar
N.C. State Bar No. 23533
E-mail: dsar@brookspierce.com
BROOKS, PIERCE, McLENDON,
HUMPHREY & LEONARD, LLP
Post Office Box 26000
Greensboro, NC 27420-6000
Telephone: 336-271-3175

Christopher B. Dodd
N.C. State Bar No. 59294
Email: cdodd@brookspierce.com

*Attorneys for Defendants/Counterclaim Plaintiffs*

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 23rd day of June, 2024, a true and complete copy of the foregoing Defendants/Counterclaim Plaintiffs, Grin Natural's First Set of Interrogatories has been served upon Plaintiff's/Counterclaim Defendant's counsel of record by delivering the same via electronic mail to the following addresses:

     JD.Wooten@wbd-us.com
     Jacob.Wharton@wbd-us.com>
     James.Dority@wbd-us.com

                */s/ Latoya A. Tyson*
                Latoya A. Tyson