# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SACKS HOLDINGS, INC., ) <br> ) <br> Plaintiff/Counterclaim Defendant, ) <br> ) <br> v. ) <br> ) <br> GRIN NATURAL USA LIMITED, GRIN ) <br> NATURAL US LIMITED, GRIN ) <br> HOLDINGS LIMITED, GRIN ) <br> NATURAL PRODUCTS LIMITED, ) <br> GRIN NATURAL PRODUCTS ) <br> AUSTRALIA PTY, ) <br> ) <br> Defendants/Counterclaim Plaintiffs. ) <br> ) | Case No.: 1:23-cv-1058 |

## DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF/COUNTERCLAIM DEFENDANT

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants/Counterclaim Plaintiffs, Grin Natural USA Limited ("Grin USA"), Grin Holdings Limited ("Grin Holdings"), Grin Natural Products Limited ("Grin Natural"), Grin Natural US Limited ("Grin US"), and Grin Natural Products Australia PTY ("Grin Australia") (collectively, "Grin"), by and through their undersigned attorneys, Davis Wright Tremaine, LLP, hereby serves the following Requests for the Production of Documents (the "Document Requests") on Plaintiff Sacks Holdings, Inc. ("Sacks") to produce for inspection and copying the following documents at the offices of Davis Wright Tremaine LLP, 1251 6th Avenue, 21st Floor, New York, New York 10020,

ATTN: G. Roxanne Elings within thirty (30) days after service of this Request, in accordance with the following definitions and instructions. These Document Requests shall be deemed continuing, and the responses are to be seasonably amended or supplemented as provided in Rule 26(e) of the Federal Rules of Civil Procedure.

## INSTRUCTIONS

These instructions are subject to the foregoing definitions:

1. In responding to these Requests, all designated documents in Sacks' possession, custody, or control are to be produced. This includes documents in the possession, custody, or control of Sacks' attorneys, their investigators, or any third party or parties to whom Sacks has surrendered possession, custody, or control, or who upon Sacks' request would surrender possession, custody, or control to Sacks.

2. Each individual request herein for documents to be produced, whether memoranda, reports, letters, or other documents of any description, contemplates production of the document in its entirety, without abbreviation or expurgation.

3. If Sacks cannot produce a document after exercising due diligence to secure it, so state in writing and produce whatever portion of said document possible, specifying Sacks' inability to produce the remainder, and stating whatever information or knowledge Sacks has concerning the document Sacks is unable to produce, including but not limited to the content or substance of such document. If any such document was, but is no longer in Sacks' possession, custody, or control, state what disposition was made of it and reason for such disposition.

2

4. If Sacks cannot produce documents in response to a Request because no documents have ever existed, so state in writing.

5. These Requests shall be deemed continuing, so as to require further and supplemental production if Sacks receives or generates additional documents in the designated categories between the time of original production and the time of trial.

6. In the event that any document called for by these Requests is withheld on the basis of a claim of privilege, that document is to be identified in writing as follows: addressor, addressee, indicated or blind copies, date, subject matter, number of pages, attachments, exhibits, or appendices, all persons to whom distributed, shown, or explained, present custodian, and nature of the privilege asserted.

7. Without conceding any limitations defenses available to it, or the ultimate relevance of any information sought herein, Grin's request that Sacks provide documents from January 2015 through the date of the final judgment in this action, unless otherwise stated.

## DEFINITIONS

The definitions set forth in Grin's First Set of Interrogatories to Sacks, served herewith in this Litigation, are hereby incorporated by reference, and shall apply to this First Set of Requests for Production of Documents and any additional discovery requests submitted by Sacks to Grin in this Litigation.

# REQUESTS FOR PRODUCTION ON DOCUMENTS

**Request No. 1:** All Documents Sacks identified, or were required to identify in Sacks' initial disclosures pursuant to Federal Rule of Civil Procedure 26(a).

**Request No. 2:** All Documents identified in Sacks' response to Grin's First Set of Interrogatories.

**Request No. 3:** All Documents that were reviewed, considered, discussed, or relied upon during the preparation of any of Sacks' pleadings or filings in this Litigation, including but not limited to Sacks' Complaint, Answer to Counterclaims, and Sacks' Response in Opposition to Grin's Motion for Preliminary Injunction.

**Request No. 4:** All Documents concerning the founding of Grin Oral Care (Sacks) to reinvent the oral care category with new clinically better products, contemporary packaging all with an Earth Lovin' mantra, as referenced in Paragraph 5 of the Chodorow Declaration.

**Request No. 5:** All Documents concerning the conception, creation, selection, and adoption of Sacks' Grin Mark for Sacks' Goods and Sacks' ITU Goods, including the timing and reasons for the same and any alternative names or marks Sacks considered as part of the process.

**Request No. 6:** All Documents concerning the conception, creation, selection, and adoption of Sacks' GO2 mark, including the timing and reasons for the same and any alternative names or marks Sacks considered as part of the process.

4

**Request No. 7:** All Documents concerning any plans or steps taken by Sacks towards the manufacture, distribution, offering, providing, or sale of any of Sacks' Goods or Sacks' ITU Goods under or in connection with Sacks' Grin Mark.

**Request No. 8:** All Documents concerning Sacks' Grin Mark created prior to August 1, 2017.

**Request No. 9:** All Documents concerning the ownership, acquisition or transfer of any rights in Sacks' Grin Mark.

**Request No. 10:** All Documents concerning Sacks' decision to wait until Sacks had been granted allowance of Application Ser. No. 87983655 before beginning the brand development process, as referenced in Paragraph 16 of the Chodorow Declaration.

**Request No. 11:** Documents sufficient to Identify all persons with knowledge of Sacks' alleged dates of first use in the United States of Sacks' Grin Mark for Sacks' Goods or Sacks' ITU Goods, including but not limited to the dates of first use discussed in the Complaint.

**Request No. 12:** Documents sufficient to evidence the continuous commercial utilization in the United States of Sacks' Grin Mark for Sacks' Goods or Sacks' ITU Goods in 2017 through 2023.

**Request No. 13:** Documents sufficient to identify all persons involved in the design, sales, advertising, marketing, promotions, business strategy, and business planning for products offered under Sacks' Grin Mark.

**Request No. 14:** All Documents concerning the first bona fide sale of Sacks' Goods and Sacks' ITU goods under Sacks' Grin Mark in the United States, including without limitation documents sufficient to show the first bona fide sale; all documents concerning the identity and geographic location of the first customer of such first sale; and all documents concerning money or other remuneration received from such first sale.

**Request No. 15:** Documents sufficient to show the bona fide use in commerce of Sacks' Grin Mark on or in connection with each of dental flossers, dental floss and dental floss picks for over the counter sale to general consumers on or before December 8, 2020, including without limitation documents sufficient to show the first bona fide sale; all documents concerning the identity and geographic location of the first customer of such first sale; and all documents concerning money or other remuneration received from such first sale.

**Request No. 16:** All Documents concerning any trademark, service mark or trade name applications or registrations, filed, or owned by Sacks for Sacks' Grin Mark, including, but not limited to, all Documents concerning the decision to file the application and copies of all documents submitted or received in connection with the applications or registrations.

**Request No. 17:** Documents sufficient to identify all goods and services actually or planned or intended to be sold, offered, or licensed by Sacks under or in connection with Sacks' Grin Mark in the United States.

6

**Request No. 18:** Documents sufficient to identify, for each good or service offered, sold, or provided under or in connection with Sacks' Grin Mark, or which Sacks intends to offer, sell, or provide in connection with Sacks' Grin Mark, the date ranges of actual and planned use of the mark in connection with the good or service for each jurisdiction, including the specific date of first use or intended first use of the mark for each good or service and, if applicable, the end date of such use.

**Request No. 19:** Documents sufficient to identify all goods sold, offered, or licensed by Sacks under or in connection with Sacks' Grin Mark in the United States that were designed in-house by Sacks' team and include unique and propriety features protected by issued and pending patents, as alleged in Paragraph 22 of the Complaint.

**Request No. 20:** Documents sufficient to identify all goods sold, offered, or licensed by Sacks under or in connection with Sacks' Grin Mark in the United States that were not designed in-house by Sacks' team, do not include unique and propriety features protected by issued and pending patents, and/or that are third party products repackaged or private labelled under Sacks' Grin Mark.

**Request No. 21:** All Documents concerning Sacks' business plans (past, present future and/or collaborations with third parties) concerning Sacks' use or planned use of Sacks' Grin Mark.

**Request No. 22:** Documents sufficient to identify all channels of trade in the United States through which Sacks advertises, promotes, distributes, sells, offers, or licenses, or plans to advertise, promote, distribute, sell, offer, or license, Sacks' Goods

7

and Sacks' ITU Goods under or in connection with Sacks' Grin Mark, including, but not limited to, documents identifying the distributors, retail, or other business outlets that offer or will offer Sacks' Goods and Sacks' ITU Goods in connection with Sacks' Grin Mark.

**Request No. 23:** Documents sufficient to identify the geographic regions in the United States in which Sacks has or has caused to be advertised, promoted, distributed, sold, offered, or licensed, or plans or intends to advertise, promote, distribute, sell, offer, or license, Sacks' Goods and Sacks' ITU Goods under or in connection with Sacks' Grin Mark.

**Request No. 24:** Representative samples of each type of advertisement and promotional material (e.g., print, radio, television, brochures, catalogues, flyers, press releases, website pages, website banners, in-store displays, point-of-sale promotional items) that have displayed or that will display Sacks' Grin Mark in connection with Sacks' Goods and Sacks' ITU Goods in the United States, including documents sufficient to show every manner of presentation of Sacks' Grin Mark each type of advertisement or promotional material.

**Request No. 25:** Representative samples of all tags, labels, signs, and packaging that have displayed or that will display Sacks' Grin Mark in connection with Sacks' Goods or Sacks' ITU Goods in the United States, including documents sufficient to show every manner of presentation of Sacks' Grin Mark in such materials.

**Request No. 26:** All newspaper, magazine, newsletter, trade journal, website, and other media coverage, in any form or medium (print, electronic, or other), concerning Sacks' Goods, Sacks' ITU Goods, or Sacks' use of or plans to use Sacks' Grin Mark, whether or not authored by any official member of the press, all of the foregoing limited to the United States.

**Request No. 27:** All Documents constituting, referring to, or relating to Sacks' communications with any advertising agency, design agency, branding agency, or consultant relating to Sacks' use of or plans to use Sacks' Grin Mark for Sacks' Goods or Sacks' ITU Goods in the United States.

**Request No. 28:** Documents sufficient to identify each price (retail, wholesale, or otherwise) at which Sacks has marketed, sold, offered, distributed, or licensed, or intends to market, sell, offer, distribute, or license, Sacks' Goods or Sacks' ITU Goods in connection with Sacks' Grin Mark in the United States.

**Request No. 29:** All Documents concerning Sacks' observation or knowledge of Grin, Grin's GRIN Mark, or Grin's use of its GRIN Mark, including, but not limited to, all Documents concerning Communications about when and how Sacks first became aware of Grin's use of any of its GRIN Marks or Grin's use, application to register or registration of Grin's GRIN Mark.

**Request No. 30:** All Documents concerning any investigations or research by or on behalf of Sacks relating to Grin's GRIN Mark and/or any products of Grin distributed,

9

advertised or sold under Grin's GRIN Mark, including but not limited to the research referenced in Paragraphs 15 and 52 of the Chodorow Declaration.

**Request No. 31:** All Documents concerning any observations or purchases prior to 2021 of Grin's products offered or sold under Grin's GRIN Mark in the United States.

**Request No. 32:** All Documents concerning any shipments or imports into the United States prior to 2021 of Grin's products affixed with Grin's GRIN Mark.

**Request No. 33:** All Documents concerning any of Grin's products found at TJMaxx in the United States packaged for sale in Australia, including but not limited to with "TKMAXXAU" markings, as referenced in Paragraph 57 of the Chodorow Declaration.

**Request No. 34:** All Documents concerning the July 17, 2019 and December 9, 2019 communications between Sacks and Sacks' legal counsel concerning Sacks' finding Grin's product at Marshalls and not being concerned about it, as referenced and disclosed in Paragraphs 30 and 31 of the Chodorow Declaration.

**Request No. 35:** All Documents that refer or relate to any and all investigations by Christopher Rodermond concerning or relating to this Litigation, including but not limited to all Documents concerning whether or why any customer purchased or received shipments of GRIN-branded products in 2017 or thereafter.

**Request No. 36:** All Documents that refer or relate to any and all investigations by or on behalf of Sacks concerning whether any products branded under Grin's GRIN

10

Marks were imported or sold into, shipped to, distributed in, or advertised in the United States at any time prior to November 5, 2020.

**Request No. 37:** All Documents concerning any trademark searches, trademark clearances, internet printouts, and other inquiries conducted by or on behalf of Sacks concerning the availability to use or register Grin as a trademark, including but not limited to the searches referenced in paragraphs 15 and 26 of the Chodorow Declaration.

**Request No. 38:** All Documents concerning any opinion letter, analysis, or other Communication concerning whether Sacks has the freedom, right, or ability to use or register Sacks' Grin Mark as a trademark, service mark, domain name, or other designation of origin, including Documents sufficient to show the identity of the individual or entity that requested the opinion, when the opinion was requested, who prepared the opinion, and who reviewed the opinion.

**Request No. 39:** All Documents concerning Sacks' plans or efforts prior to 2020 to offer or sell Sacks' Goods or Sacks' ITU Goods in New Zealand or Australia under any mark, including any market research concerning the market in New Zealand or Australia for the same.

**Request No. 40:** All Documents concerning Sacks' right or ability to offer and sell Sacks' Goods and Sacks' ITU Goods under the GO2 mark in the United States.

**Request No. 41:** All Documents concerning Sacks' ability to substitute goods labeled or affixed with the GO2 mark for goods labelled of affixed with Sacks' Grin Mark in the United States.

11

**Request No. 42:** All Documents concerning any complaint, petition, demand, objection, administrative proceeding, or civil action concerning Sacks' Grin Mark that Sacks considers relevant to this Litigation.

**Request No. 43:** All Documents concerning any instances of actual or possible confusion, mistake, deception, or association of any kind between Sacks, Sacks' Grin Mark, or Sacks' Goods on the one hand, and Grin, Grin's GRIN Mark, or Grin's Goods on the other hand.

**Request No. 44:** All Documents concerning any communications in which any person inquired about, commented on, or mentioned Grin, Grin's GRIN Mark, or Grin's goods or services in any way, regardless of whether those goods or services are related to Grin's GRIN Mark.

**Request No. 45:** All Documents concerning any consumer, governmental, or other complaints or investigations concerning the goods or services sold, offered, distributed, or licensed by Sacks under or in connection with Sacks' Grin Mark.

**Request No. 46:** Documents sufficient to show the volume (in U.S. dollars and units), by month, of sales, profits, and costs for each product sold under Sacks' Grin Mark in the United States on an annual basis, from when Sacks began using Sacks' Grin Mark through the present.

**Request No. 47:** Documents sufficient to show, by month for each year from when Sacks began using Sacks' Grin Mark to present, all costs and amounts expended by Sacks or its licensee(s) to promote, market, and advertise goods or services actually or

12

planned or intended to be sold, offered, distributed, provided, or licensed under or in connection with Plaitniff's Mark in the United States.

**Request No. 48:** Documents sufficient to show, by month for each year from when Sacks began using Sacks' Grin Mark to present, all profits realized by Sacks or its licensee(s) based on the promotion, marketing, advertising, offer for sale, and sale of goods or services actually or planned or intended to be sold, offered, distributed, provided, or licensed under or in connection with Sacks' Grin Mark in the United States.

**Request No. 49:** All agreements between Sacks and any other person concerning Sacks' Grin Mark or the actual or planned manufacture, advertisement, promotion, marketing, distribution, sale, offer, or licensing of any goods or services under or in connection with Sacks' Grin Mark.

**Request No. 50:** Documents sufficient to identify all third parties that did, do, or will manufacture, sell, offer, distribute, or license goods or services under or in connection with Sacks' Grin Mark.

**Request No. 51:** All Documents concerning Grin, or any goods or services sold, offered, or licensed, directly or indirectly, by or on behalf of Grin under or in connection with Grin's GRIN Mark that are not responsive to or that Sacks is not otherwise producing in response to any other request contained herein.

**Request No. 52:** Documents sufficient to show all third-party marks of which Sacks is aware that resemble or are similar to Sacks' Grin Mark or Grin's GRIN Mark

13

and that are used or registered in the United States in connection with the same or substantially similar goods and services as Grin's Goods or Sacks' Goods.

**Request No. 53:** All Documents concerning the harm U.S. retailers, distribution partners, and/or the consumer base for Sacks' Goods or Sacks' ITU Goods would suffer if Grin's request for injunctive relief were granted, as referenced in Paragraph 60 of the Chodorow Declaration.

**Request No. 54:** All Documents concerning Sacks' customers' expectation and demand that product be shipped within a very narrow window of time, as referenced in Paragraph 61 of the Chodorow Declaration.

**Request No. 55:** All Documents concerning Sacks' customers' practice of planning their stores based on product availability and branding and/or unwillingness to accept a substitute brand or renamed product without extensive product review and consideration, as referenced in Paragraph 61 of the Chodorow Declaration.

**Request No. 56:** All Documents supporting Paragraph 61 of the Chodorow Declaration regarding whether Sacks would lose 100% of its sales and/or shutter the company if forced to rebrand its GRIN-branded products.

**Request No. 57:** All Documents concerning, supporting, or refuting, Sacks' claims in this Litigation.

**Request No. 58:** All surveys, reports, anecdotes or other facts relating to or concerning the renown, strength, and visibility of the trademark or other right on which Sacks bases its allegations in the Complaint.

**Request No. 59:** Produce all documents demonstrating Grin's intent to commit any of the allegations, not limited to the False Advertising and Unfair and Deceptive Practices claims in the Complaint.

**Request No. 60:** Produce, for every witness required to provide a written report by Fed. R. Civ. P. 26(a)(2)(B), and for every witness who does not provide a report per Fed. R. Civ. P. 26(a)(2)(C), the following in addition to what is required by Fed. R. Civ. P. 26(a)(2):

a. copies of the person's prior expert reports, deposition testimony and trial testimony in trademark cases, and in other cases in which the witness did provide or was to provide opinions concerning the same or similar topics or subject matters as the ones the expert intends to provide in this case; and

b. copies of the person's publications authored at any time concerning the same or similar topics or subject matters as the opinions the expert intends to provide in this case.

**Request No. 61:** All documents concerning Sacks' objection or challenge to another person's or entity's use or registration of a mark that Sacks contended was confusingly similar to Sacks' Grin Mark, including all cease and desist letters and responses to cease and desist letters.

**Request No. 62:** All documents concerning any instance where any person challenged Sacks' use or registration of Sacks' Grin Mark, including all cease and desist letters that Sacks received and all responses to such letters.

**Request No. 63:** All documents concerning the monetary relief that Sacks seeks in the Complaint.

Dated: New York, New York
June 23, 2024

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

*/s/ Gayle Roxanne Elings*
Gayle Roxanne Elings
NY Bar No. 2145662
E-mail: roxanneelings@dwt.com
1251 Avenue of the Americas, 21st Floor,
New York, NY 10020-1104
Telephone: 212.603.6416

L. Danielle Toaltoan
NY Bar No. 5074315
E-mail: danielletoaltoan@dwt.com

Latoya A. Tyson
DC Bar No. 1618237
E-mail: latoyatyson@dwt.com

/s/ David W. Sar
David W. Sar
N.C. State Bar No. 23533
E-mail: dsar@brookspierce.com
BROOKS, PIERCE, McLENDON,
HUMPHREY & LEONARD, LLP
Post Office Box 26000
Greensboro, NC 27420-6000
Telephone: 336-271-3175

Christopher B. Dodd
N.C. State Bar No. 59294
Email: cdodd@brookspierce.com

*Attorneys for Defendants/Counterclaim Plaintiffs*

## CERTIFICATE OF SERVICE

   I hereby certify that on this 23rd day of June, 2024, a true and complete copy of the foregoing Defendants/Counterclaim Plaintiffs, Grin Natural's First Request for Document Production has been served upon Plaintiff's/Counterclaim Defendant's counsel of record by delivering the same via electronic mail to the following addresses:

    JD.Wooten@wbd-us.com
    Jacob.Wharton@wbd-us.com>
    James.Dority@wbd-us.com

                */s/ Latoya A. Tyson*
                Latoya A. Tyson