# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SACKS HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | **Case No.: 1:23-cv-1058** |
| | ) | |
| v. | ) | |
| | ) | |
| GRIN NATURAL USA LIMITED, GRIN | ) | |
| NATURAL US LIMITED, GRIN | ) | |
| HOLDINGS LIMITED, GRIN | ) | |
| NATURAL PRODUCTS LIMITED, | ) | |
| GRIN NATURAL PRODUCTS | ) | |
| AUSTRALIA PTY, | ) | |
| | ) | |
| Defendants/Counterclaim Plaintiffs. | ) | |

### PLAINTIFF/COUNTERCLAIM DEFENDANT'S RESPONSES TO DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 33, Plaintiff/Counterclaim Defendant Sacks Holdings, Inc. ("Plaintiff") hereby provides its responses to Defendants/Counterclaim Plaintiffs' Grin Natural USA Limited ("Grin USA"), Grin Holdings Limited ("Grin Holdings"), Grin Natural US Limited ("Grin US"), Grin Natural Products Australia PTY ("Grin Australia"), and Grin Natural Products Limited ("Grin Natural") (collectively, "Defendants") First Set of Interrogatories. The following responses reflect Plaintiff's present current knowledge, information, and belief and may be subject to change or modification based on Plaintiff's further discovery, or on facts or circumstances that may come to Plaintiff's knowledge or attention in the future. These responses are given without prejudice to their revision or supplementation upon further discovery or

investigation and shall not be deemed to constitute admissions that any statement or characterization is complete. Plaintiff reserves the right to update, amend, or supplement these responses to include additional information that is obtained during discovery or investigation. However, Plaintiff undertakes no obligation to supplement, amend or modify its responses except as required by the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1.      Plaintiff objects to Defendants' definitions of "you," "your," and "Sacks" as overbroad, vague, and seeking information that is not relevant to any party's claim or defense and not proportional to the needs of the case as they purport to include persons or entities over whom Plaintiff has no control and persons or entities not involved in subject matter relevant to the litigation. Plaintiff responds to these Interrogatories on its own behalf and not on behalf of any other individual or entity.

2.      Plaintiff objects to Defendants' definition of "Counterclaim," purportedly meaning "the Amended Answer and Counterclaim filed by Defendant on April 6, 2024," as no such document exists. Plaintiff will interpret "Counterclaim" to mean Defendants' Answer and Counterclaims filed at ECF No. 16 on February 20, 2024.

3.      Plaintiff objects to the instructions outlined in paragraph 5 of Defendants' First Set of Interrogatories, as they purport to impose upon Plaintiff a duty beyond those of that are required under the Federal Rules of Civil Procedure, the local rules of this Court, or any other applicable law. If Plaintiff withholds a document based on privilege, it will comply with the duties imposed by Fed. R. Civ. P. 26(b)(5)(A).

2

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**Interrogatory No. 1**: Describe in detail the facts and circumstances concerning the founding of Grin Oral Care (Sacks) as referenced in Paragraph 5 of the Chodorow Declaration, including the timing, steps and reasons for the founding and the identities of all person [sic] with knowledge thereof.

**ANSWER:** Plaintiff objects to this interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that it requests the identities of "all person [sic]". Plaintiff further objects to this interrogatory as unduly burdensome and disproportionate to the needs of the case, insofar as it seeks information already within the possession, custody, or control of the requesting party. *See, e.g.,* ECF 25, ¶¶ 5-14. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Sacks Holdings, Inc. was founded on June 9, 2011. Grin Oral Care (Sacks) was conceived on or around September 2013. Plaintiff was founded with a mission to reinvent the oral care category with new clinically better products, contemporary packaging all with an "Earth Lovin'" mantra. Further details regarding the timing, date, and reasons for the founding are described at ECF 25, ¶¶ 5-14. Relevant persons with knowledge include Devin Chodorow and Ingram Chodorow. Ingram Chodorow was Devin Chodorow's father. Ingram Chodorow passed away on February 6, 2016.

**Interrogatory No. 2**: Describe in detail the facts and circumstances concerning the conception, creation, selection, and adoption of Sacks' Grin Mark for Sacks' Goods and

3

Sacks' ITU Goods, including the timing and reasons for the same and any alternative names or marks Sacks considered as part of the process.

**ANSWER:** Plaintiff objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this interrogatory on the ground that it contains multiple discreet subparts, is therefore compound, and constitutes an improper attempt to circumvent the numerical limit on interrogatories set by paragraph 2(e)(iii) of the parties' Joint Rule 26(f) Report. Plaintiff further objects to this interrogatory as unduly burdensome and disproportionate to the needs of the case, insofar as it seeks information already within the possession, custody or control of the requesting party. *See, e.g.,* ECF 25, ¶ 14. Plaintiff further objects to this interrogatory based on relevance as it seeks information concerning potential alternative names and marks not subject to or otherwise relevant to any claim or defense in this litigation. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Sacks' Grin Mark was conceived on or around September of 2013. Sacks' Grin Mark was selected because Devin Chodorow was under a non-compete agreement from an earlier transaction and that limitation was about to expire. Mr. Chodorow's goal was to launch a new brand to market. Sometime around September 2013 Mr. Chodorow recalls discussing brand names with his parents in the kitchen of their home. During this conversation, Mr. Chodorow mentioned several potential brand names. Mr. Chodorow's

4

mother suggested GRIN and that mark was selected. Mr. Chodorow purchased the domain <grinoralcare.com> within a few days this conversation.

**Interrogatory No. 3**: Identify each search or other investigation conducted by or for You relating to the availability for potential use or registration of Sacks' Grin Mark for Sacks' Goods or Sacks' ITU Goods, including the timing and purpose of the same.

**ANSWER:** Plaintiff refers to and incorporates its objection, above, to the defined term "You." Plaintiff further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this interrogatory as unduly burdensome and disproportionate to the needs of the case, insofar as it seeks information already within the possession, custody or control of the requesting party. *See, e.g.,* ECF 25, ¶¶ 15-16. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

A search to determine the availability of the GRIN mark was conducted on or about July 2017 by Jerry Dianow, an attorney with the firm of Abelman, Frayne & Schwab. Mr. Dianow passed away in November 2018. Mr. Dianow provided an oral opinion to Devin Chodorow on or about June 2017.

**Interrogatory No. 4**: Describe in detail all Your plans and steps towards the offering, providing, or sale of any of Sacks' Goods or Sacks' ITU Goods under or in connection with Sacks' Grin Mark in the United States prior to 2020.

**ANSWER:** Plaintiff refers to and incorporates its objection, above, to the defined term "Your." Plaintiff further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that it requests the identities of "all" plans and steps. Plaintiff further objects to this interrogatory as unduly burdensome and disproportionate to the needs of the case, insofar as it seeks information already within the possession, custody or control of the requesting party. *See, e.g.,* ECF 25, ¶¶ 16-17. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Sacks' Grin Mark was issued a notice of allowance on December 11, 2018. After the Mark was issued a notice of allowance and prior to 2020, Plaintiff began finalizing products, engaging with its manufacturing partners, building the brand architecture including logo design around the brand "GRIN", preparing logistics, warehousing, and engaging our sales team. *See, e.g.,* ECF No. 25, ¶¶ 16-19.

**Interrogatory No. 5**: Identify all trademarks, service marks, or trade names consisting of or incorporating the designation "GRIN" that You have used, registered, or recorded, or attempted to use, register, or record, in any jurisdiction, describing with specificity the current status of each such trademark, service mark, and/or trade name.

**ANSWER:** Plaintiff refers to and incorporates its objection, above, to the defined term "You." Plaintiff objects to the interrogatory as overly broad and unduly burdensome

6

and seeking irrelevant information to the extent it seeks information about trademarks outside of the United States. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

| COUNTRY | SERIAL NO. | WORDMARK | GOODS & SERVICES | STATUS |
|---------|-----------|----------|------------------|--------|
| US | 87551669 | GRIN | Orthodontic appliances for treatment of bruxism and temporomandibular disorders, namely, mouth guards for dental purposes and mouth guards for dental purposes being worn at night for over the counter sale to general consumers | ABANDONED |
| US | 87983655 | GRIN | Dental flossers, dental floss and dental floss picks for over the counter sale to general consumers | LIVE, REGISTERED (U.S. REG. NO. 6273196) |
| US | 98082497 | GRIN | tongue cleaners, including, tongue brushes and tongue scrapers | LIVE, PENDING |
| US | 97169712 | GRIN | Orthodontic appliances for treatment of bruxism and temporomandibular disorders, namely, mouth guards for dental purposes and mouth guards for dental purposes being worn at night for over the counter sale to general consumers | LIVE, NOTICE OF ALLOWANCE ISSUED 12/05/2023 |

7

**Interrogatory No. 6**: Identify and fully describe all trade channels in the United States through which Sacks' Goods and Sacks' ITU Goods have been sold under Sacks' Grin Mark, including retail stores, wholesale outlets, Internet websites, direct mail operations, or other trade channels, and specify the dates on which such products were sold and which of such stores are currently selling such products.

**\*\*\*\* CONFIDENTIAL \*\*\*\***



**\*\*\*\* END OF CONFIDENTIAL \*\*\*\***

**Interrogatory No. 7**: Identify and describe the nature and amount of profits from the sale in the United States of Sacks' Goods and Sacks' ITU Goods under or in association with Sacks' Grin Mark, by month and product (or SKU), describing with particularity the methodology used to compute or otherwise arrive at each element of revenue, cost or deduction, and the total amount thereof.

**ANSWER:** Plaintiff objects to this interrogatory to the extent it seeks expert analysis and opinion prior to the deadline for expert disclosures under the scheduling order in this case. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Plaintiff has produced the following non-privileged responsive documents which were located through a reasonable and diligent search and from which an answer to this Interrogatory may be ascertained: GRIN000021, GRIN000028, GRIN000028, GRIN000089, GRIN000093, GRIN000141, GRIN000161, GRIN000169, GRIN000170, GRIN000204. Because discovery is ongoing, Plaintiff reserves the right to supplement this response.

**Interrogatory No. 8**: For each year from 2016 to the present, identify and describe all costs and amounts expended by Sacks or its licensee(s) to promote, market, and advertise goods or services actually or planned or intended to be sold, offered, distributed, provided, or licensed under or in connection with Sacks' Grin Mark, by month and year, for the United States, including but not limited to dollars (USD) spent on advertising and marketing in the United States.

**ANSWER:** Plaintiff objects to this interrogatory to the extent it seeks expert analysis and opinion prior to the deadline for expert disclosures under the scheduling order in this case. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Since first selling GRIN-branded products, Plaintiff has not performed typical marketing (print media, television, etc.) as such typical marketing has not been necessary based on Plaintiff's relationships with brick-and-mortar retailers.

Without conceding the following type expenses are to "promote, market, and advertise" Plaintiff's GRIN-branded products, Plaintiff has paid slotting fees, temporary price reductions, store circulars, retailer couponing, retailer website advertising, etc. Plaintiff tracks all such fees by customer.

Further, the <grinoralcare.com> website, Instagram and Facebook was launched around July 2021.

**Interrogatory No. 9**: Identify and fully describe any and all market research conducted by or on behalf of Sacks prior to 2021 concerning Sacks' Grin Mark, Grin's GRIN Mark or any goods or services marketed or proposed to be marketed under Sacks' Grin Mark or Grin's GRIN Mark, including the timing and results of such research.

**ANSWER:** Plaintiff objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that it requests the identities of "any and all" market research. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Sacks did not conduct any market research prior to 2021.

**Interrogatory No. 10**: Identify and fully describe each instance in which Sacks or any person acting on Sacks' behalf received any communication, written or oral, from any person which demonstrates, suggests, or implies that the person or any other person believed or may have believed that Grin, Grin's GRIN Mark, or Grin's products or services were approved or sponsored by, or connected, associated, or affiliated with Sacks, Sacks' Grin Mark, and Sacks' products, including, without limitation, any instances where any person inquired about whether Grin's products or services originate from Sacks, or whether a connection or relationship exists between Grin, Grin's GRIN Mark, or Grin's products and services, on the one hand, and Sacks, Sacks' Grin Mark, or Sacks' products, on the other hand, and identify all documents and things relating thereto.

**ANSWER:**   Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Plaintiff has produced the following non-privileged responsive documents which were located through a reasonable and diligent search and from which an answer to this Interrogatory may be ascertained: GRIN000218 - GRIN000219. Because discovery is ongoing, Plaintiff reserves the right to supplement this response.

**Interrogatory No. 11**: Identify all written or oral agreements including, without limitation, all licenses, sublicenses, assignments, co-existence agreements, settlement agreements, partnership agreements, and joint venture agreements, in which You are a

11

party that involve Sacks' Grin Marks or the Packaging Marks, including the date, parties to the agreement, and the subject matter of the agreement.

**ANSWER:** Plaintiff refers to and incorporates its objection, above, to the defined term "You." Plaintiff further objects to this interrogatory based on relevance as it seeks information concerning written and oral agreements for marks not subject to or otherwise relevant to any claim or defense in this litigation, namely, any "Packaging Marks." Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff states that no such agreements exist.

**Interrogatory No. 12**: Describe in detail any communications, internal or external, concerning Grin, Grin's GRIN Mark, or Grin's products, including, without limitation, Grin's rights in Grin's GRIN Mark, the distinctiveness of Grin's GRIN Mark, and confusion with Grin's GRIN Mark, and any actions taken by You as a result of such communications.

**ANSWER:** Plaintiff refers to and incorporates its objection, above, to the defined term "You." Plaintiff objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this interrogatory on the ground that it contains multiple discreet subparts, is therefore compound, and constitutes an improper attempt to circumvent the numerical limit on interrogatories set by paragraph 2(e)(iii) of the parties' Joint Rule 26(f) Report. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

12

In view of the foregoing objections, Plaintiff does not have any non-privileged information to provide in response to this interrogatory.

**Interrogatory No. 13**: Identify which of Sacks' Goods and Sacks' ITU Goods that Sacks offers under Sacks' Grin Mark were designed in-house by Sacks' team and include unique and propriety features protected by issued and pending patents, as alleged in Paragraph 22 of the Complaint, and which are third party designed products.

**ANSWER:** Plaintiff objects to the interrogatory as vague and ambiguous because it is unclear whether the phrase "and which are third party designed products" modifies and narrows the earlier description or is intended to serve as a disjunctive. Plaintiff further objects to this interrogatory on the ground that it contains multiple discreet subparts, is therefore compound, and constitutes an improper attempt to circumvent the numerical limit on interrogatories set by paragraph 2(e)(iii) of the parties' Joint Rule 26(f) Report. Plaintiff will construe this interrogatory as seeking information distinguishing whether Plaintiff's products are either (1) designed by Plaintiff, or (2) are designed by third parties. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff's products that have been sold, are sold, or will be sold in conjunction with the GRIN mark were designed by Devin Chodorow. Ingram Chodorow, Devin Chodorow's father, was an inventor and designer on many products as well. On occasion, Plaintiff consulted with an outside third-party industrial design firm. Pursuant to Fed. R. Civ. P. 33(d), Plaintiff has produced the following non-privileged responsive documents which were located through a reasonable and diligent search and from which an answer to this

Interrogatory may be ascertained: GRIN000220 – GRIN000541. The inventors listed on the patents indicate those individual responsible for the design of the patented invention. Christopher Ross and Peter On were members from an outside design firm that are named on one patent. Because discovery is ongoing, Plaintiff reserves the right to supplement this response.

**Interrogatory No. 14**: Identify the circumstances through which you learned of each of Grin's actions or products that are the subject of the Complaint, specifically identifying what you learned, the date you acquired the information, the manner in which such knowledge was obtained, what person(s) communicated and received the information, their position in the company, and all persons known to you who have knowledge of such facts alleged.

**ANSWER:** Plaintiff refers to and incorporates its objection, above, to the defined term "You." Plaintiff further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this interrogatory as unduly burdensome and disproportionate to the needs of the case, insofar as it seeks information already within the possession, custody or control of the requesting party. *See, e.g.,* ECF 25, ¶¶ 15, 28-44. Subject to and without waiving the foregoing objections, Plaintiff incorporates by reference ¶¶ 15, 28-44 of the Chodorow Declaration.

**Interrogatory No. 15**: Identify and describe in detail all business relationships, including but not limited to investments and ownership interests, between You and Ozdent.

14

**ANSWER:** Plaintiff refers to and incorporates its objection, above, to the defined term "You." Plaintiff further objects to this interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that it requests the identities of "all" business relationships. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff has a distributor relationship with Ozdent. Plaintiff does not have any ownership interest in Ozdent.

**Interrogatory No. 16**: Identify each person who provided answers or otherwise assisted in the preparation of answers to the foregoing Interrogatories, specifying the information which he or she provided.

**ANSWER:** Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Devin Chodorow.

This the 23rd day of July, 2024.

Respectfully submitted,

/s/ *Jacob S. Wharton*
Jacob S. Wharton
N.C. State Bar No. 37421
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: 336-721-3600
Jacob.Wharton@wbd-us.com

/s/ *John D. Wooten IV*
John D. Wooten IV
N.C. Bar No. 51074
WOMBLE BOND DICKINSON (US) LLP

15

300 N. Greene Street, Suite 1900
Greensboro, NC  27401
Telephone:  336-574-8090
JD.Wooten@wbd-us.com

*/s/ James E. Dority*
James E. Dority
S.C. State Bar No. 104627
WOMBLE BOND DICKINSON (US) LLP
550 South Main Street, Suite 400
Greenville, South Carolina  29601
Telephone:  864-255-5412
James.Dority@wbd-us.com

*Attorneys for Plaintiff Sacks Holdings, Inc.*

16

## <u>VERIFICATION</u>

On behalf of Plaintiff Sacks Holdings, Inc., and in my capacity as Chief Executive Officer and Founder, I have read the foregoing Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories (Nos. 1-16). I do not necessarily have direct personal knowledge of every fact contained herein. The responses were prepared with the assistance of the authors of the documents referenced, and with the assistance and advice of counsel. The answers are based on the records and information currently available. I reserve the right to make changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available. To the extent I do not have personal knowledge; I have relied on others to gather the responsive information. I declare under penalty of perjury that the foregoing is true and correct.

Signed this 23rd day of July 2024.


_____
Devin Chodorow

17

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above has been served electronically on all counsel of record via email on July 23, 2024, as follows:

Gayle Roxanne Elings
NY Bar No. 2145662
DAVIS WRIGHT TREMAINE LLP
E-mail: roxanneelings@dwt.com
1251 Avenue of the Americas, 21st Floor,
New York, NY 10020-1104
Telephone: 212.603.6416

L. Danielle Toaltoan
NY Bar No. 5074315
DAVIS WRIGHT TREMAINE LLP
E-mail: Danielletoaltoan@dwt.Com

Latoya A. Tyson
DC Bar No. 1618237
DAVIS WRIGHT TREMAINE LLP
E-mail: latoyatyson@dwt.com

David W. Sar
N.C. State Bar No. 23533
BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, LLP
E-mail: dsar@brookspierce.com
Post Office Box 26000
Greensboro, NC 27420-6000
Telephone: 336-271-3175

Christopher B. Dodd N.C.
State Bar No. 59294
BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, LLP
E-mail: cdodd@brookspierce.com

/s/ *Jacob S. Wharton*

18