# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SACKS HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | **Case No.: 1:23-cv-1058** |
| | ) | |
| v. | ) | |
| | ) | |
| GRIN NATURAL USA LIMITED, GRIN | ) | |
| NATURAL US LIMITED, GRIN | ) | |
| HOLDINGS LIMITED, GRIN | ) | |
| NATURAL PRODUCTS LIMITED, | ) | |
| GRIN NATURAL PRODUCTS | ) | |
| AUSTRALIA PTY, | ) | |
| | ) | |
| Defendants/Counterclaim Plaintiffs. | ) | |

**PLAINTIFF/COUNTERCLAIM DEFENDANT'S RESPONSES TO
DEFENDANTS'/COUNTERCLAIM PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff/Counterclaim Defendant Sacks Holdings, Inc. ("Plaintiff"), through counsel, hereby submits the following Responses to Defendants/Counterclaim Plaintiffs' Grin Natural USA Limited ("Grin USA"), Grin Holdings Limited ("Grin Holdings"), Grin Natural US Limited ("Grin US"), Grin Natural Products Australia PTY ("Grin Australia"), and Grin Natural Products Limited ("Grin Natural") (collectively, "Defendants") First Set of Requests for Production. The following responses reflect Plaintiff's present current knowledge, information, and belief and may be subject to change or modification based on Plaintiff's further discovery, or on facts or circumstances that may come to Plaintiff's knowledge or attention in the future. These responses are given without prejudice to their

revision or supplementation upon further discovery or investigation and shall not be deemed to constitute admissions that any statement or characterization is complete. Plaintiff reserves the right to update, amend, or supplement these responses to include additional information that is obtained during discovery or investigation. However, Plaintiff undertakes no obligation to supplement, amend or modify its responses except as required by the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1. Plaintiff objects to Defendants' definitions of "you," "your," and "Sacks" as overbroad, vague, and seeking information that is not relevant to any party's claim or defense and not proportional to the needs of the case as they purport to include persons or entities over whom Plaintiff has no control and persons or entities not involved in subject matter relevant to the litigation. Plaintiff responds to these Interrogatories on its own behalf and not on behalf of any other individual or entity.

2. Plaintiff objects to Defendants' definition of "Counterclaim," purportedly meaning "the Amended Answer and Counterclaim filed by Defendant on April 6, 2024," as no such document exists. Plaintiff will interpret "Counterclaim" to mean Defendants' Answer and Counterclaims filed at ECF No. 16 on February 20, 2024.

3. Plaintiff objects to the instructions outlined in paragraph 6 of Defendants' First Set of Interrogatories, as they purport to impose upon Plaintiff a duty beyond those of that are required under the Federal Rules of Civil Procedure, the local rules of this Court,

or any other applicable law. If Plaintiff withholds a document on the basis of privilege, it will comply with the duties imposed by Fed. R. Civ. P. 26(b)(5)(A).

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Request No. 1:**

All Documents Sacks identified, or were required to identify in Sacks' initial disclosures pursuant to Federal Rule of Civil Procedure 26(a).

**Response to Request No. 1:**

Plaintiff objects to this request to the extent it seeks expert analysis and opinion prior to the deadline for expert disclosures under the scheduling order in this case.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request at the appropriate time under the scheduling deadlines in this case.

**Request No. 2:**

All Documents identified in Sacks' response to Grin's First Set of Interrogatories.

**Response to Request No. 2:**

Plaintiff responds that it will produce non-privileged documents in response to this request.

**Request No. 3:**

All Documents that were reviewed, considered, discussed, or relied upon during the preparation of any of Sacks' pleadings or filings in this Litigation, including but not limited to Sacks' Complaint, Answer to Counterclaims, and Sacks' Response in Opposition to Grin's Motion for Preliminary Injunction.

**Response to Request No. 3:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as vague and ambiguous on the basis that it is not clear what constitutes a document being "relied upon".

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 4:**

All Documents concerning the founding of Grin Oral Care (Sacks) to reinvent the oral care category with new clinically better products, contemporary packaging all with an Earth Lovin' mantra, as referenced in Paragraph 5 of the Chodorow Declaration.

**Response to Request No. 4:**

Plaintiff objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time and seeks documents regarding issues and statements the burden or expense of collecting and producing such documents outweighs its likely benefit. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 5:**

All Documents concerning the conception, creation, selection, and adoption of Sacks' Grin Mark for Sacks' Goods and Sacks' ITU Goods, including the timing and

reasons for the same and any alternative names or marks Sacks considered as part of the process.

**Response to Request No. 5:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents. Plaintiff further objects to this request on the basis of relevance as it seeks information concerning potential alternative names and marks not subject to or otherwise relevant to any claim or defense in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.


**Request No. 6:**

All Documents concerning the conception, creation, selection, and adoption of Sacks' GO2 mark, including the timing and reasons for the same and any alternative names or marks Sacks considered as part of the process.

**Response to Request No. 6:**

Subject to and without waiving the foregoing objections, Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents. Plaintiff further objects to this request on the basis of relevance as it seeks information concerning marks not subject to or otherwise relevant to any claim or defense in this litigation.

In view of the foregoing objections, Plaintiff will not produce documents in response to this request.

**Request No. 7:**

All Documents concerning any plans or steps taken by Sacks towards the manufacture, distribution, offering, providing, or sale of any of Sacks' Goods or Sacks' ITU Goods under or in connection with Sacks' Grin Mark.

**Response to Request No. 7:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.


**Request No. 8:**

All Documents concerning Sacks' Grin Mark created prior to August 1, 2017.

**Response to Request No. 8:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 9:**

All Documents concerning the ownership, acquisition or transfer of any rights in Sacks' Grin Mark.

**Response to Request No. 9:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 10:**

All Documents concerning Sacks' decision to wait until Sacks had been granted allowance of Application Ser. No. 87983655 before beginning the brand development process, as referenced in Paragraph 16 of the Chodorow Declaration.

**Response to Request No. 10:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to, and without waiving the foregoing objections, Plaintiff states that it has conducted a reasonably diligent search and no documents exist responsive to this request.

**Request No. 11:**

Documents sufficient to Identify all persons with knowledge of Sacks' alleged dates of first use in the United States of Sacks' Grin Mark for Sacks' Goods or Sacks' ITU Goods, including but not limited to the dates of first use discussed in the Complaint.

**Response to Request No. 11:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" persons with knowledge.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 12:**

Documents sufficient to evidence the continuous commercial utilization in the United States of Sacks' Grin Mark for Sacks' Goods or Sacks' ITU Goods in 2017 through 2023.

**Response to Request No. 12:**

Plaintiff objects to this Request to the extent it calls for a legal conclusion by virtue of response.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 13:**

Documents sufficient to identify all persons involved in the design, sales, advertising, marketing, promotions, business strategy, and business planning for products offered under Sacks' Grin Mark.

**Response to Request No. 13:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" persons.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 14:**

All Documents concerning the first bona fide sale of Sacks' Goods and Sacks' ITU goods under Sacks' Grin Mark in the United States, including without limitation documents sufficient to show the first bona fide sale; all documents concerning the identity and geographic location of the first customer of such first sale; and all documents concerning money or other remuneration received from such first sale.

**Response to Request No. 14:**

Plaintiff objects to this Request to the extent it calls for a legal conclusion by virtue of response. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 15:**

Documents sufficient to show the bona fide use in commerce of Sacks' Grin Mark on or in connection with each of dental flossers, dental floss and dental floss picks for over the counter sale to general consumers on or before December 8, 2020, including without limitation documents sufficient to show the first bona fide sale; all documents concerning the identity and geographic location of the first customer of such first sale; and all documents concerning money or other remuneration received from such first sale.

**Response to Request No. 15:**

Plaintiff objects to this Request to the extent it calls for a legal conclusion by virtue of response.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 16:**

All Documents concerning any trademark, service mark or trade name applications or registrations, filed, or owned by Sacks for Sacks' Grin Mark, including, but not limited to, all Documents concerning the decision to file the application and copies of all documents submitted or received in connection with the applications or registrations.

**Response to Request No. 16:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant

insofar as it is unlimited as to time and the relevant jurisdiction. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents. Plaintiff further objects to this request on the basis of relevance as it seeks information concerning potential alternative names and marks not subject to or otherwise relevant to any claim or defense in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents related to the United States, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 17:**

Documents sufficient to identify all goods and services actually or planned or intended to be sold, offered, or licensed by Sacks under or in connection with Sacks' Grin Mark in the United States.

**Response to Request No. 17:**

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 18:**

Documents sufficient to identify, for each good or service offered, sold, or provided under or in connection with Sacks' Grin Mark, or which Sacks intends to offer, sell, or provide in connection with Sacks' Grin Mark, the date ranges of actual and planned use of the mark in connection with the good or service for each jurisdiction, including the specific date of first use or intended first use of the mark for each good or service and, if applicable, the end date of such use.

**Response to Request No. 18:**

Plaintiff further objects to this request on the ground that it contains multiple discreet subparts, is therefore compound, and constitutes an improper attempt to circumvent the numerical limit on requests for production set by paragraph 2(e)(iii) of the parties' Joint Rule 26(f) Report.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 19:**

Documents sufficient to identify all goods sold, offered, or licensed by Sacks under or in connection with Sacks' Grin Mark in the United States that were designed in-house by Sacks' team and include unique and propriety features protected by issued and pending patents, as alleged in Paragraph 22 of the Complaint.

**Response to Request No. 19:**

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 20:**

Documents sufficient to identify all goods sold, offered, or licensed by Sacks under or in connection with Sacks' Grin Mark in the United States that were not designed in-house by Sacks' team, do not include unique and propriety features protected by issued and pending patents, and/or that are third party products repackaged or private labelled under Sacks' Grin Mark.

**Response to Request No. 20:**

Plaintiff objects to the request as vague and ambiguous because it is unclear whether the phrase "and which are third party designed products" modifies and narrows the earlier

description or is intended to serve as a disjunctive. Plaintiff will construe this request as seeking documents distinguishing whether Plaintiff's products are either (1) designed by Plaintiff, or (2) are designed by third parties.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 21:**

All Documents concerning Sacks' business plans (past, present future and/or collaborations with third parties) concerning Sacks' use or planned use of Sacks' Grin Mark.

**Response to Request No. 21:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as vague and ambiguous on the basis that it is unclear what constitutes a "business plan". Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 22:**

Documents sufficient to identify all channels of trade in the United States through which Sacks advertises, promotes, distributes, sells, offers, or licenses, or plans to advertise, promote, distribute, sell, offer, or license, Sacks' Goods and Sacks' ITU Goods

under or in connection with Sacks' Grin Mark, including, but not limited to, documents identifying the distributors, retail, or other business outlets that offer or will offer Sacks' Goods and Sacks' ITU Goods in connection with Sacks' Grin Mark.

**Response to Request No. 22:**

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 23:**

Documents sufficient to identify the geographic regions in the United States in which Sacks has or has caused to be advertised, promoted, distributed, sold, offered, or licensed, or plans or intends to advertise, promote, distribute, sell, offer, or license, Sacks' Goods and Sacks' ITU Goods under or in connection with Sacks' Grin Mark.

**Response to Request No. 23:**

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 24:**

Representative samples of each type of advertisement and promotional material (e.g., print, radio, television, brochures, catalogues, flyers, press releases, website pages, website banners, in-store displays, point-of-sale promotional items) that have displayed or that will display Sacks' Grin Mark in connection with Sacks' Goods and Sacks' ITU Goods in the United States, including documents sufficient to show every manner of presentation of Sacks' Grin Mark each type of advertisement or promotional material.

**Response to Request No. 24:**

Plaintiff objects to this request as vague and ambiguous on the basis that it is unclear what is meant by "every manner of presentation of Sacks' Grin Mark each type of advertisement or promotional material".

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 25:**

Representative samples of all tags, labels, signs, and packaging that have displayed or that will display Sacks' Grin Mark in connection with Sacks' Goods or Sacks' ITU Goods in the United States, including documents sufficient to show every manner of presentation of Sacks' Grin Mark in such materials.

**Response to Request No. 25:**

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 26:**

All newspaper, magazine, newsletter, trade journal, website, and other media coverage, in any form or medium (print, electronic, or other), concerning Sacks' Goods, Sacks' ITU Goods, or Sacks' use of or plans to use Sacks' Grin Mark, whether or not authored by any official member of the press, all of the foregoing limited to the United States.

**Response to Request No. 26:**

Plaintiff objects to this request to the extent it seeks documents not within its possession, custody or control. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant

insofar as it is unlimited as to time. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that it calls for "all" newspaper, magazine, newsletter, trade journal, website, and other media coverage.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 27:**

All Documents constituting, referring to, or relating to Sacks' communications with any advertising agency, design agency, branding agency, or consultant relating to Sacks' use of or plans to use Sacks' Grin Mark for Sacks' Goods or Sacks' ITU Goods in the United States.

**Response to Request No. 27:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 28:**

Documents sufficient to identify each price (retail, wholesale, or otherwise) at which Sacks has marketed, sold, offered, distributed, or licensed, or intends to market, sell, offer,

distribute, or license, Sacks' Goods or Sacks' ITU Goods in connection with Sacks' Grin Mark in the United States.

**Response to Request No. 28:**

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 29:**

All Documents concerning Sacks' observation or knowledge of Grin, Grin's GRIN Mark, or Grin's use of its GRIN Mark, including, but not limited to, all Documents concerning Communications about when and how Sacks first became aware of Grin's use of any of its GRIN Marks or Grin's use, application to register or registration of Grin's GRIN Mark.

**Response to Request No. 29:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents. Plaintiff further objects to this request on the ground that it contains multiple discreet subparts, is therefore compound, and constitutes an improper attempt to circumvent the numerical limit on requests for production set by paragraph 2(e)(iii) of the parties' Joint Rule 26(f) Report.

In view of the foregoing objections, Plaintiff will not produce documents in response to this request.

**Request No. 30:**

All Documents concerning any investigations or research by or on behalf of Sacks relating to Grin's GRIN Mark and/or any products of Grin distributed, advertised or sold under Grin's GRIN Mark, including but not limited to the research referenced in Paragraphs 15 and 52 of the Chodorow Declaration.

**Response to Request No. 30:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.


**Request No. 31:**

All Documents concerning any observations or purchases prior to 2021of Grin's products offered or sold under Grin's GRIN Mark in the United States.

**Response to Request No. 31:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as vague and ambiguous on the basis that it is unclear what constitutes an "observation".

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 32:**

All Documents concerning any shipments or imports into the United States prior to 2021 of Grin's products affixed with Grin's GRIN Mark.

**Response to Request No. 32:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 33:**

All Documents concerning any of Grin's products found at TJMaxx in the United States packaged for sale in Australia, including but not limited to with "TKMAXXAU" markings, as referenced in Paragraph 57 of the Chodorow Declaration.

**Response to Request No. 33:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it purports to seek documents relating to activities outside the United States and/or outside the jurisdictional scope of this action. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 34:**

All Documents concerning the July 17, 2019 and December 9, 2019 communications between Sacks and Sacks' legal counsel concerning Sacks' finding Grin's product at Marshalls and not being concerned about it, as referenced and disclosed in Paragraphs 30 and 31 of the Chodorow Declaration.

**Response to Request No. 34:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

In view of the foregoing objections, Plaintiff will not produce documents in response to this request.

**Request No. 35:**

All Documents that refer or relate to any and all investigations by Christopher Rodermond concerning or relating to this Litigation, including but not limited to all Documents concerning whether or why any customer purchased or received shipments of GRIN-branded products in 2017 or thereafter.

**Response to Request No. 35:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly

burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 36:**

All Documents that refer or relate to any and all investigations by or on behalf of Sacks concerning whether any products branded under Grin's GRIN Marks were imported or sold into, shipped to, distributed in, or advertised in the United States at any time prior to November 5, 2020.

**Response to Request No. 36:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 37:**

All Documents concerning any trademark searches, trademark clearances, internet printouts, and other inquiries conducted by or on behalf of Sacks concerning the availability to use or register Grin as a trademark, including but not limited to the searches referenced in paragraphs 15 and 26 of the Chodorow Declaration.

**Response to Request No. 37:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that no such documents exist.

**Request No. 38:**

All Documents concerning any opinion letter, analysis, or other Communication concerning whether Sacks has the freedom, right, or ability to use or register Sacks' Grin Mark as a trademark, service mark, domain name, or other designation of origin, including Documents sufficient to show the identity of the individual or entity that requested the opinion, when the opinion was requested, who prepared the opinion, and who reviewed the opinion.

**Response to Request No. 38:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

In view of the foregoing objections, Plaintiff states that no non-privileged documents exist.

**Request No. 39:**

All Documents concerning Sacks' plans or efforts prior to 2020 to offer or sell Sacks' Goods or Sacks' ITU Goods in New Zealand or Australia under any mark, including any market research concerning the market in New Zealand or Australia for the same.

**Response to Request No. 39:**

Plaintiff to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it purports to seek documents relating to activities outside the United States and/or outside the jurisdictional scope of this action. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

In view of the foregoing objections, Plaintiff will not produce documents in response to this request.


**Request No. 40:**

All Documents concerning Sacks' right or ability to offer and sell Sacks' Goods and Sacks' ITU Goods under the GO2 mark in the United States.

**Response to Request No. 40:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents. Plaintiff further objects to this request on the basis of

relevance as it seeks information concerning marks not subject to or otherwise relevant to any claim or defense in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 41:**

All Documents concerning Sacks' ability to substitute goods labeled or affixed with the GO2 mark for goods labelled of affixed with Sacks' Grin Mark in the United States.

**Response to Request No. 41:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as vague and ambiguous on the basis that it is unclear what does and does not constitute Plaintiff "ability" to substitute. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents. Plaintiff further objects to this request based on relevance as it seeks information concerning marks not subject to or otherwise relevant to any claim or defense in this litigation.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 42:**

All Documents concerning any complaint, petition, demand, objection, administrative proceeding, or civil action concerning Sacks' Grin Mark that Sacks considers relevant to this Litigation.

**Response to Request No. 42:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.


**Request No. 43:**

All Documents concerning any instances of actual or possible confusion, mistake, deception, or association of any kind between Sacks, Sacks' Grin Mark, or Sacks' Goods on the one hand, and Grin, Grin's GRIN Mark, or Grin's Goods on the other hand.

**Response to Request No. 43:**

Plaintiff objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 44:**

All Documents concerning any communications in which any person inquired about, commented on, or mentioned Grin, Grin's GRIN Mark, or Grin's goods or services in any way, regardless of whether those goods or services are related to Grin's GRIN Mark.

**Response to Request No. 44:**

Plaintiff objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to, and without waiving the foregoing objections, Plaintiff states that it has conducted a reasonably diligent search and no documents exist responsive to this request.


**Request No. 45:**

All Documents concerning any consumer, governmental, or other complaints or investigations concerning the goods or services sold, offered, distributed, or licensed by Sacks under or in connection with Sacks' Grin Mark.

**Response to Request No. 45:**

Plaintiff objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents. Plaintiff further objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 46:**

Documents sufficient to show the volume (in U.S. dollars and units), by month, of sales, profits, and costs for each product sold under Sacks' Grin Mark in the United States on an annual basis, from when Sacks began using Sacks' Grin Mark through the present.

**Response to Request No. 46:**

Plaintiff objects to this request to the extent it seeks expert analysis and opinion prior to the deadline for expert disclosures under the scheduling order in this case.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 47:**

Documents sufficient to show, by month for each year from when Sacks began using Sacks' Grin Mark to present, all costs and amounts expended by Sacks or its licensee(s) to promote, market, and advertise goods or services actually or planned or intended to be sold, offered, distributed, provided, or licensed under or in connection with Plaintiff's Mark in the United States.

**Response to Request No. 47:**

Plaintiff objects to this request to the extent it seeks expert analysis and opinion prior to the deadline for expert disclosures under the scheduling order in this case.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 48:**

Documents sufficient to show, by month for each year from when Sacks began using Sacks' Grin Mark to present, all profits realized by Sacks or its licensee(s) based on the promotion, marketing, advertising, offer for sale, and sale of goods or services actually or

planned or intended to be sold, offered, distributed, provided, or licensed under or in connection with Sacks' Grin Mark in the United States.

**Response to Request No. 48:**

Plaintiff objects to this request to the extent it seeks expert analysis and opinion prior to the deadline for expert disclosures under the scheduling order in this case.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 49:**

All agreements between Sacks and any other person concerning Sacks' Grin Mark or the actual or planned manufacture, advertisement, promotion, marketing, distribution, sale, offer, or licensing of any goods or services under or in connection with Sacks' Grin Mark.

**Response to Request No. 49:**

Plaintiff objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" agreements.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 50:**

Documents sufficient to identify all third parties that did, do, or will manufacture, sell, offer, distribute, or license goods or services under or in connection with Sacks' Grin Mark.

**Response to Request No. 50:**

Plaintiff objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 51:**

All Documents concerning Grin, or any goods or services sold, offered, or licensed, directly or indirectly, by or on behalf of Grin under or in connection with Grin's GRIN Mark that are not responsive to or that Sacks is not otherwise producing in response to any other request contained herein.

**Response to Request No. 51:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents concerning Grin.

In view of the foregoing objections, Plaintiff will not produce documents in response to this request.

**Request No. 52:**

Documents sufficient to show all third-party marks of which Sacks is aware that resemble or are similar to Sacks' Grin Mark or Grin's GRIN Mark and that are used or

registered in the United States in connection with the same or substantially similar goods and services as Grin's Goods or Sacks' Goods.

**Response to Request No. 52:**

Plaintiff objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time.

In view of the foregoing objections, Plaintiff will not produce documents in response to this request.

**Request No. 53:**

All Documents concerning the harm U.S. retailers, distribution partners, and/or consumer base for Sacks' Goods or Sacks' ITU Goods would suffer if Grin's request for injunctive relief were granted, as referenced in Paragraph 60 of the Chodorow Declaration.

**Response to Request No. 53:**

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 54:**

All Documents concerning Sacks' customers' expectation and demand that product be shipped within a very narrow window of time, as referenced in Paragraph 61 of the Chodorow Declaration.

**Response to Request No. 54:**

Plaintiff objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 55:**

All Documents concerning Sacks' customers' practice of planning their stores based on product availability and branding and/or unwillingness to accept a substitute brand or renamed product without extensive product review and consideration, as referenced in Paragraph 61 of the Chodorow Declaration.

**Response to Request No. 55:**

Plaintiff objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 56:**

All Documents supporting Paragraph 61 of the Chodorow Declaration regarding whether Sacks would lose 100% of its sales and/or shutter the company if forced to rebrand its GRIN-branded products.

**Response to Request No. 56:**

Plaintiff objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 57:**

All Documents concerning, supporting, or refuting, Sacks' claims in this Litigation.

**Response to Request No. 57:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this Request as premature to the extent that it attempts to circumvent the requirements of this case's scheduling order. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request at the appropriate time under the scheduling deadlines in this case.

**Request No. 58:**

All surveys, reports, anecdotes or other facts relating to or concerning the renown, strength, and visibility of the trademark or other right on which Sacks bases its allegations in the Complaint.

**Response to Request No. 58:**

Plaintiff objects to this request to the extent it seeks expert analysis and opinion prior to the deadline for expert disclosures under the scheduling order in this case. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a

reasonably diligent search, in response to this request at the appropriate time under the scheduling deadlines in this case.

**Request No. 59:**

Produce all documents demonstrating Grin's intent to commit any of the allegations, not limited to the False Advertising and Unfair and Deceptive Practices claims in the Complaint.

**Response to Request No. 59:**

Plaintiff objects to this request as vague and ambiguous on the basis that it is unclear what constitutes "demonstrating" Grin's intent. Plaintiff further objects to this Request to the extent it calls for a legal conclusion by virtue of response. Plaintiff objects to this request to the extent it seeks expert analysis and opinion prior to the deadline for expert disclosures under the scheduling order in this case. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 60:**

Produce, for every witness required to provide a written report by Fed. R. Civ. P. 26(a)(2)(B), and for every witness who does not provide a report per Fed. R. Civ. P. 26(a)(2)(C), the following in addition to what is required by Fed. R. Civ. P. 26(a)(2):

a. copies of the person's prior expert reports, deposition testimony and trial testimony in trademark cases, and in other cases in which the witness did provide or was to provide opinions concerning the same or similar topics or subject matters as the ones the expert intends to provide in this case; and

b. copies of the person's publications authored at any time concerning the same or similar topics or subject matters as the opinions the expert intends to provide in this case.

**Response to Request No. 60:**

Plaintiff objects to this Request as premature to the extent that it attempts to circumvent the requirements of this case's scheduling order.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request at the appropriate time under the scheduling deadlines in this case.

**Request No. 61:**

All documents concerning Sacks' objection or challenge to another person's or entity's use or registration of a mark that Sacks contended was confusingly similar to Sacks' Grin Mark, including all cease and desist letters and responses to cease and desist letters.

**Response to Request No. 61:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 62:**

All documents concerning any instance where any person challenged Sacks' use or registration of Sacks' Grin Mark, including all cease and desist letters that Sacks received and all responses to such letters.

**Response to Request No. 62:**

Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, attorney work product immunity, or any other applicable privilege or immunity. Plaintiff further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

**Request No. 63:**

All documents concerning the monetary relief that Sacks seeks in the Complaint.

**Response to Request No. 63:**

Plaintiff objects to this request as overbroad, unduly burdensome, disproportionate to the needs of the case, vague, ambiguous, and irrelevant insofar as it is unlimited as to time. Plaintiff further objects that this request calls for documents prepared by, or to be prepared by experts, and prematurely seeks those documents before expert disclosure deadlines. Plaintiff further objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case on the basis that the request calls for "all" documents.

Subject to and without waiving the foregoing objections, Plaintiff responds that it will produce non-privileged documents, if any such documents can be located after a reasonably diligent search, in response to this request.

This the 23rd day of July, 2024.

Respectfully submitted,

/s/ *Jacob S. Wharton*
Jacob S. Wharton
N.C. State Bar No. 37421
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC  27101
Telephone:  336-721-3600
Jacob.Wharton@wbd-us.com


/s/ *John D. Wooten IV*
John D. Wooten IV
N.C. Bar No. 51074
WOMBLE BOND DICKINSON (US) LLP
300 N. Greene Street, Suite 1900
Greensboro, NC  27401
Telephone:  336-574-8090
JD.Wooten@wbd-us.com

/s/ *James E. Dority*
James E. Dority
S.C. State Bar No. 104627
WOMBLE BOND DICKINSON (US) LLP
550 South Main Street, Suite 400
Greenville, South Carolina  29601
Telephone:  864-255-5412
James.Dority@wbd-us.com

*Attorneys for Plaintiff Sacks Holdings, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above has been served

electronically on all counsel of record via email on July 23, 2024, as follows:

Gayle Roxanne Elings
NY Bar No. 2145662
DAVIS WRIGHT TREMAINE LLP
E-mail: roxanneelings@dwt.com
1251 Avenue of the Americas, 21st Floor,
New York, NY 10020-1104
Telephone: 212.603.6416

L. Danielle Toaltoan
NY Bar No. 5074315
DAVIS WRIGHT TREMAINE LLP
E-mail: Danielletoaltoan@dwt.Com

Latoya A. Tyson
DC Bar No. 1618237
DAVIS WRIGHT TREMAINE LLP
E-mail: latoyatyson@dwt.com

David W. Sar
N.C. State Bar No. 23533
BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, LLP
E-mail: dsar@brookspierce.com
Post Office Box 26000
Greensboro, NC 27420-6000
Telephone: 336-271-3175

Christopher B. Dodd N.C.
State Bar No. 59294
BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, LLP
E-mail: cdodd@brookspierce.com

/s/ *Jacob S. Wharton*