# EXHIBIT E



21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Latoya A. Tyson**
212.402.4062 tel
212.379.5226 fax

LatoyaTyson@dwt.com
RoxanneElings@dwt.com
DanielleToaltoan@dwt.com

August 9, 2024

<u>**VIA EMAIL**</u>

Jacob S. Wharton
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
E-mail: Jacob.Wharton@wbd-us.com

Re: Sacks Holdings, Inc. v. Grin Natural USA Limited, et al. (1:23-cv-1058, MDNC) – Plaintiff's Discovery Deficiencies

Dear Mr. Wharton:

We write on behalf of Grin Natural USA Limited, et al. ("Defendants" or "Grin") to address deficiencies in the documents produced and the interrogatories served by Plaintiff Sacks Holdings, Inc. ("Plaintiff" or "Sacks") on July 23, 2024.

**I.    Plaintiff's Deficient Document Production**

    A.    <u>Documents Not Produced</u>

Based on our evaluation of the documents produced, Sacks has only produced 106 documents responsive to sixteen of sixty-three requests. That means that Sacks has not produced documents responsive to RFP Nos. 1, 4-12, 13, 14, 16, 20, 21, 23-30, 33-35, 37, 38, 40, 41, 44-61, and 63. Furthermore, the vast majority of the documents that Sacks produced consisted of publicly accessible materials, including Sacks' patent publications and registrations, articles about Grin, and Grin's social media content. The remaining documents consist primarily of exhibits previously submitted to the court.

The production also appears to be incomplete for several other requests, including Requests Nos. 22, 30, and 46. RFP 30 requests documents concerning any investigations, including but not limited to the research referenced in Paragraphs 15 and 52 of the Chodorow Declaration. Sacks produced the publicly available office action citing Sacks only as a potential barrier to registration. However, Sacks failed to produce the alleged "evidence" of Grin's dental floss and flossers launch referenced in Paragraph 52. Additionally, Sacks failed to produce any documents concerning Sacks' investigation of Grin by private investigator, Christopher Rodermond.

Sacks produced some sales data for the years 2020-2024 in response to RFP 22. However, the production failed to include sales data specifying the units sold, in US dollars, to its distributors, retail partners, and direct to customer website. To satisfy this request, Grin requests purchase orders and invoices of distributors, retailers, and wholesale partners detailing the price, units sold, and sales volume for each product.

Sacks' production in response to RFP 46 was also partially responsive by only producing monthly figures showing total units sold for Sacks' products and total sales by retailer. This falls short of Grin's request for documents showing, by month, the sale price, profits, and costs for each product sold under Sacks' Grin Mark in the United States. Relatedly, Sacks has also failed to provide profit and loss statements to satisfy RFP 48. This request sought monthly profit data for goods advertised and sold under the Sacks' Grin Mark in the United States. We also require clarification on whether the sales information produced by Plaintiff includes sales through the grinoralcare.com website *and* wholesale sales. As discussed below, we request that Sacks produce all further sales information by **August 16.**

Sacks' responses to multiple document requests indicate that more documents "will be produced" and "[p]laintiff reserves the right to supplement this response," but it is unclear when Sacks will supplement its current production. To clarify, we request that Sacks advise whether it has any further responsive documents in its possession, custody, or control and if so, to produce the same by **August 16** or to amend its written responses to represent that no such documents exist.

B. <u>Documents Stated as Non-Existent</u>

Sacks has stated that certain documents do not exist, including all documents concerning RFPs 10, 37, and 44. With regard to RFP 44, Plaintiff states that it has conducted a reasonably diligent search and no documents exist responsive to this request. However, Sacks produced document GRIN000219, which is clearly responsive to this request since the customer inquired about whether Sacks has a recycling program like Grin's program. In light of this, Grin has concerns regarding the adequacy of due diligence performed during document collection in response to Grin's RFPs. To assess the adequacy of this search, Grin reiterates its prior request that Plaintiff provide its document sources, custodians, date ranges, and search terms used in collecting responsive documents. We note that we have requested the same on July 3, 2024 and July 10, 2024 prior to Sacks' document production. Sacks' continued failure to produce these terms constitutes a breach of the joint Rule 26(f) and ESI agreement.

## II. Interrogatory Deficiencies

The responses to Grin's interrogatories are also lacking. Sacks' response to Interrogatory 1 is incomplete and evasive. While referencing a declaration, the provided information focuses on discussing Plaintiff's childhood interest in dental care and career prior to establishing Grin Oral Care, and the filing of the ITU application for Grin in August 2017, omitting crucial details about the founding and development of Grin Oral Care. The response fails to identify key individuals involved in the company's inception, such as business partners or key employees, and lacks a comprehensive timeline detailing the evolution of Grin Oral Care from its initial concept to formal establishment.

Regarding Interrogatory 7, Sacks provided solely sales figures without accompanying financial data such as profit and loss statements or calculation methodologies. While Interrogatory 8 identified marketing expense categories, it neglected to specify the corresponding expenditures. Finally, Sacks' response to Interrogatory 15 is insufficient, as it merely acknowledges a distributor relationship with Ozdent without providing essential details like the relationship's commencement date and the specific products distributed.

### III.     Lack of Privilege Log

Plaintiff has not produced a privilege log as required by Rule 26, despite asserting attorney-client privilege throughout their discovery responses. For example, RFP 34 appears to be misunderstood as a request for privileged communications. However, it is actually seeking the underlying facts, which are not protected by privilege. We note that privileged communications can be redacted, and we are entitled to the production of the non-privileged underlying facts as requested. To assess Sacks' claims of privilege, we request Sacks' privilege log by **August 16.**

Thank you for your immediate attention to these matters.

Sincerely,

Davis Wright Tremaine LLP

Latoya A. Tyson


cc:     All Counsel of Record