# EXHIBIT F



August 16, 2024

**Via Email (latoyatyson@dwt.com)**

Latoya A. Tyson, Esq.
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor,
New York, NY 10020-1104

**Re:** *Sacks Holdings, Inc. v. Grin Natural USA Limited, et al.*
(1:23-cv-1058, MDNC)

Womble Bond Dickinson (US) LLP

One West Fourth Street
Winston-Salem, NC 27101

t: 336.721.3600
f: 336.721.3660

Jacob S. Wharton
Partner
Direct Dial: 336-747-6609
Direct Fax: 336-726-6985
E-mail: Jacob.Wharton@wbd-us.com

Dear Ms. Tyson:

We write in response to your communication of August 9, 2024, regarding Defendants' concerns with Plaintiff's discovery responses to-date. We have reviewed the concerns and provide the following update. As discussed below, we are continuing to review these matters and reserve the right to supplement as necessary and appropriate.

Regarding document production, Plaintiff's document collection and review is ongoing. The documents produced with Plaintiff's interrogatory responses were intended only to serve the required purpose under Federal Rule of Civil Procedure 33(d) of "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." *See* Fed. R. Civ. P. 33(d)(1). While the documents produced in compliance with the requirements of Rule 33(d) are also likely responsive to many of Defendants' document requests, Plaintiff is still collecting and reviewing documents which will be produced on a rolling basis as they become available and consistent with Plaintiff's objections and responses served on July 23, 2024.

Regarding Defendants' allegations concerning Document Request Nos. 10, 37, and 44, Plaintiff will review those document requests again and in the context of the assertion made to determine if supplemental responses are appropriate. However, the document identified as causing concern – GRIN000219 – does not mention "Grin, Grin's GRIN Mark, or Grin's goods or services" as stated in Defendants' document requests and as Defendants now incorrectly allege.

Regarding Defendants' allegations concerning Interrogatory Nos. 1, 7, and 15, Plaintiff will review those responses again and in the context of the assertion made to determine if supplemental responses are appropriate. However, at this time it appears Plaintiff answered the interrogatories fully as drafted, and Defendants are now seeking additional information beyond the original interrogatories. If Plaintiff determines additional information is appropriate in view of Plaintiff's original interrogatories, it will provide supplemental responses. However, if Plaintiff determines that Defendants are merely

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.



seeking additional information that should have been requested in the original interrogatories or through service of additional interrogatories, Plaintiff will decline to construe these requests as timely new interrogatories given that the deadline for service of written discovery under the scheduling order and the local civil rules has lapsed.

Finally, as to Defendants' allegations regarding search terms and a privilege log, Plaintiff refutes any suggestion that it is not in compliance with the applicable orders in this case or its obligations under the Federal Rules of Civil Procedure. Following the precedent set by Defendants, Plaintiff will provide its search terms and privilege log after the conclusion of its document production.

Plaintiff will follow up no later than August 23, 2024, with an update on the foregoing matters.

Respectfully,

**WOMBLE BOND DICKINSON (US) LLP**

Jacob S. Wharton
Partner

Cc: All Counsel of Record