# EXHIBIT L



1251 Avenue of the Americas
21st Floor
New York, NY 10020

**L. Danielle Toaltoan**
(212) 603-6463 tel
(212) 489-8340 fax

danielletoaltoan@dwt.com

August 29, 2024

**Via Email**

Jacob S. Wharton
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC 27101

Re: *Sacks Holdings, Inc. v. Grin Natural USA Limited, et al.* (1:23-cv-1058, M.D.N.C)

Counsel:

  Sacks continues to be entirely deficient in its discovery responses as set forth in our letter of August 9, 2024. During the parties' meet and confer on August 21, Sacks refused to say when it would produce documents, stating only that documents would be produced on a rolling basis as they become available. Sacks maintained this position despite the fact that Sacks' 30(b)(6) deposition was scheduled for August 27. Sacks produced only 121 documents ahead of its 30(b)(6) deposition, the majority of which are public and/or attached as exhibits to the papers in this action. It was only *after* Sacks' 30(b)(6) deposition had concluded that you stated that Sacks "anticipates" completing its document production by August 30, the last day of fact discovery.

  Even if Sacks produces additional documents tomorrow, we are concerned that Sacks has not engaged in a reasonably diligent search sufficient to ensure that Sacks' document production is substantially complete. Specifically, it became clear during Mr. Chodorow's deposition that Sacks did not collect documents using search terms, and that counsel did not instruct Mr. Chodorow as to search terms. Mr. Chodorow did not even understand what "search terms" meant. Rather, he claimed that he is "very organized" and pulled out the relevant information himself. Yet, being organized is not a substitute for a good faith attempt to respond to discovery, nor does it satisfy your obligation to properly instruct and assist your client in responding to discovery.

  Looking at what was produced, it is clear that Sacks has chosen to produce those documents it deems fit its "version" of the case, as the documents produced were documents Mr. Chodorow attached or otherwise referred to in his declaration submitted in opposition to Grin's motion for a preliminary injunction. On the morning of Mr. Chodorow's deposition, Sacks did produce documents pertaining to sales, some blog posts (samples of marketing), and documents supporting Sacks' new specious claim of trade dress or trademark infringement. However, what Sacks has still yet to produce is substantial. For instance, Mr. Chodorow testified to having

agreements with each of his dozen or so brokers, with his two manufacturers (who also produce the packaging), a design consultant that assisted with the packaging, and logistics companies. However, Sacks has yet to produce a single document responsive to RFP 49, even though we identified Sacks' failure to produce documents in response to this request as a concern in our August 9 letter. Mr. Chodorow also testified to maintaining folders for each broker, manufacturer, and customer, as well as a folder related to designing the brand and labeling. Yet. Sacks has failed to produce a single document, including emails and other communications that would be responsive to at least RFPs 4, 7, 8, 13, 21, and 27.

Concerning RFP 6, for which Sacks refused to produce any documents, Mr. Chodorow testified that his trademark application for the GO2 mark was part of his overall GRIN branding strategy, even if only to prevent others from using the mark and not because of his bona fide use. Again, while Sacks may not deem this to be relevant, that is not the standard for production. Grin should have access to responsive documents it believes supports its claim of willful infringement. In light of Mr. Chodorow's testimony, we demand that Sacks produce responsive documents in response to RFP 6 regarding the GO2 mark.

Sacks has also refused to provide the search terms it used in its document collection efforts. This is a clear violation of the parties' stipulated ESI agreement. Paragraph 23 of that agreement states "[t]he parties agree to work together to reach agreement on limits to the scope of production of ESI, including the use of date restrictions, key word terms, and file types." While you have claimed that Grin refused to provide search terms, this entirely mischaracterizes the situation. You first demanded search terms from Grin on May 29, after Grin had already produced rounds of documents and while the parties were embroiled in contentious discovery disputes about the sufficiency of Grin's discovery responses. As we stated then, we were not going to provide ammunition for Sacks to conduct an "audit" of our document collection *after the fact*.[1] That is not in keeping with the spirit or the purpose of the ESI agreement. In contrast, we first asked Sacks for its search terms on July 3, well *before* Sacks had produced a single document in discovery. Still, you refused to provide that information. Now we know the reason: Mr. Chodorow has testified that he did not use search terms at all in his discovery collection process.

We further renew our request for Sacks' privilege log.

Grin preserves all rights.

---

[1] We disclosed those search terms to you in full on July 3, 2024, ahead of Ms. Tara Tan's deposition.

August 29, 2024
Page 3

Sincerely,

Davis Wright Tremaine LLP


*/s/ L. Danielle Toaltoan*

L. Danielle Toaltoan


cc: David Sar
　　Christopher Dodd