IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SACKS HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | 1:23-CV-1058 |
| | ) | |
| GRIN NATURAL USA LIMITED, GRIN NATURAL US LIMITED, GRIN HOLDINGS LIMITED, GRIN NATURAL PRODUCTS LIMITED, GRIN NATURAL RODUCTS AUSTRALIA PTY, | ) ) ) ) ) ) | |
| | ) | |
| Defendants/Counterclaim Plaintiffs. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

The plaintiff and the defendants both claim rights to the mark "Grin" in connection with oral health products. Each party seeks to seal certain information in briefs and exhibits filed in connection with various other motions. Some are quite narrow pieces of confidential business information, largely limited to sales figures and customer names; these motions to seal will be granted. One motion to seal is overbroad in part and to that extent will be denied. Another motion to seal will be denied because the party claiming confidentiality has not supported the claim with any evidence. Finally, the Court defers ruling on a few of the motions to seal, which will be addressed in a separate order.

I.  **Legal Standard**

"It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *U.S. ex rel.*

*Oberg v. Nelnet, Inc.*, 105 F.4th 161, 170–71 (4th Cir. 2024) (quoting *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014)). The public right of access to judicial records derives from the First Amendment and the common law. *Id.* at 171 (quoting *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)). "Because there are two sources, the right protected by each varies." *Id.* Before sealing judicial records, the district court must also give the public notice and a reasonable opportunity to challenge the request to seal. *Va. Dep't of State Police*, 386 F.3d at 576; *Doe*, 749 F.3d at 272.

## II. The First Amendment Right of Access Applies, and the Public has Notice

There are motions to seal filed in connection with the defendants' motion for a preliminary injunction. Docs. 28, 38,[1] 48. The public right of access to documents filed in connection with a preliminary injunction motion stems from the First Amendment. *See, e.g.*, *Bayer v. Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656 (M.D.N.C. Oct. 17, 2013).

There are also motions to seal filed in connection with cross-motions for partial summary judgment. Docs. 175, 179. The First Amendment protects the public's right to access "the evidence and records filed in connection with summary judgment proceedings." *Doe*, 749 F.3d at 267.

---

[1] The motion to seal at Doc. 38 concerns the declaration of Tara Tan and two attached exhibits. This declaration was filed in support of the defendants' motion for a preliminary injunction. *See* Doc. 17. A duplicate of this declaration and the attached exhibits was filed in support of the defendants' motion for judgment on the pleadings or, in the alternative, for summary judgment. *See* Doc. 35. Filing duplicates of materials already on the docket is not usually productive and often results in a confusing docket. That is so here. In addition, the duplication created extra work for the Court and Clerk because of the motion to seal.

The Court will therefore apply the First Amendment standard to all of the motions addressed in this Order. Public access to judicial records subject to the First Amendment right of access "may be restricted only if closure is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest." *Id.* at 266 (cleaned up) (quoting *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)).

All of the motions to seal were filed on the public docket; most have been pending for over a year, and the most recent motion to seal has been pending since February 2025. *See* Docs. 28, 38, 48, 175, 179. The public has had reasonable notice and an opportunity to be heard. *See, e.g.*, *Mears v. Atl. Se. Airlines, Inc.*, No. 12-CV-613, 2014 WL 5018907, at *2 (E.D.N.C. Oct. 7, 2014) (citing *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)) (stating the "filing of a litigant's motion to seal . . . is sufficient to provide public notice and opportunity to challenge the request to seal").

### III. The Motion to Seal, Doc. 48, Related to the Motion to Strike

In connection with the preliminary injunction briefing, the plaintiff filed a motion to strike or file a sur-reply. Doc. 46. The associated briefing contained information that the defendants gave the plaintiff subject to confidentiality designations. *See* Doc. 48. Consistent with the procedure set forth in Local Rule 5.4, the plaintiff filed a motion to seal the parts of its documents containing the information so designated by the defendants. *Id.*; Docs. 47, 47-1 (redacted versions publicly available); Docs. 49, 50 (unredacted versions under seal).

The defendants, as the parties claiming confidentiality, had the burden to show why sealing was necessary, LR 5.4(c)(3), and they had to do so within fourteen days. LR

3

5.4(c)(4)(b). Specifically, LR 5.4(c)(4)(b) provides that "[i]f the filing party is not the party claiming confidentiality . . . , the filing party should so note, and the party claiming confidentiality must file a response within 14 days of the motion to seal that includes the materials required by LR 5.4(c)(3)."

The defendants did not file anything within fourteen days of the filing of this motion to seal. They have made no showing that the information in the documents at issue, Docs. 49, 50, is confidential business information or otherwise should be shielded from public view.[2]

As the Local Rule makes clear, failure to provide evidentiary support for a claim of confidentiality "will result in denial of the motion to seal and unsealing of the materials without further notice." LR 5.4(c)(3). That has happened here, so the motion to seal, Doc. 48, will be denied.

### IV. Confidential Business Information

The remaining motions addressed by this order concern claims by each side that briefing and exhibits contain confidential business information that should be sealed. *See* Docs. 28, 38, 175, 179. A company may have "a strong interest in preserving the confidentiality of its proprietary . . . information, which in turn may justify partial sealing of court records." *Doe*, 749 F.3d at 269. That "interest in preserving the confidentiality of sensitive business information" can override the public's right of access. *Warner v. Midland Funding, LLC*, No. 18-CV-727, 2021 WL 3432556, at *7 (M.D.N.C. Aug. 5,

---

[2] If the Court has overlooked the evidentiary support for sealing, counsel should immediately email the case manager with the citation to the record.

2021); *see, e.g.*, *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 7-CV-275, 2011 WL 901958, at *2 (E.D.N.C. Mar. 15, 2011) (collecting cases).

In deciding whether motions to seal based on claims of confidential business information should be granted, a court first decides if the party has shown that the information sought to be sealed is confidential. *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 15-CV-274, 2017 WL 6001818, at *3 (M.D.N.C. Dec. 4, 2017). If so, the court then evaluates whether disclosure would harm the party's competitive standing or otherwise harm its business interests, whether the motion is narrowly tailored, and whether the interests in non-disclosure are compelling and heavily outweigh the public's interest in access. *Id.* In weighing these competing interests, the court considers, among other things, whether the public needs access to the evidence or briefing to understand a judicial decision and the degree of harm disclosure would likely cause. *Id.*; *Huntley v. Crisco*, No. 18-CV-744, 2020 WL 9815384, at *2 (M.D.N.C. Sept. 25, 2020).

### A. Motion to Seal, Doc. 28

In briefing and exhibits associated with the motion for a preliminary injunction, the plaintiff seeks to seal financial data, *see* Docs. 24, 25 (redacted versions publicly available); Docs. 30, 31 (unredacted versions under seal), sales revenue and sales projections, *see* Docs. 25-3 through 25-12 (redacted); Docs. 31-3 through 31-12 (unredacted), and customer names and contact information. *See* Doc. 25-2 (redacted); Doc. 31-2 (unredacted). Examination of the documents and the uncontradicted evidence establishes that all of this information is financial, sales, and customer data constituting confidential business information. *See* Doc. 29-1 at ¶ 4.

The plaintiff has not made this information public, *id.* at ¶ 8, and competitors could use it to undercut the plaintiff in pricing and sales strategies. *Id.* at ¶ 5. Disclosure of this information is likely to harm the plaintiff's business interests. The plaintiff has a compelling interest in keeping this information private, and the information the plaintiff seeks to seal is narrowly tailored to specific financial, sales, and customer data. Given the narrow redactions, there are no alternatives sufficient to protect the plaintiff's compelling interests. Most of this information was of minimal relevance to resolution of the underlying motion for a preliminary injunction.

The plaintiff's interest in keeping this information confidential is compelling and outweighs the public's interest in access. This motion will be granted.

### B. Motion to Seal, Doc. 175

In briefing associated with the motion for partial summary judgment, the plaintiff seeks to seal financial data and information related to business strategy. *See* Doc. 173 (redacted version publicly available); Doc. 176 (unredacted version under seal). The defendants also seek to seal financial data. *See* Doc. 173 (redacted); Doc. 176 (unredacted). Examination of the documents and the uncontradicted evidence establishes that all of this information is confidential business information. *See* Doc. 177-1 at ¶ 4 (plaintiff); Doc. 185-1 at ¶ 5 (defendants).

Neither the plaintiff nor the defendants have made this information public, Doc. 177-1 at ¶ 5 (plaintiff); Doc. 185-1 at ¶ 6 (defendants), and competitors could use it to gain an unfair competitive advantage. Doc. 177-1 at ¶ 7 (plaintiff); Doc. 185-1 at ¶ 8 (defendants). Disclosure of this information is likely to harm the parties' respective

business interests.  Both the plaintiff and defendants have a compelling interest in keeping this information private, and the information the parties seek to seal is narrowly tailored to specific financial data and business strategy information.  Given the narrow redactions, there are no alternatives sufficient to protect the parties' compelling interests.  Most of this information was of minimal relevance to resolution of the underlying motion for partial summary judgment.

The parties' interest in keeping this information confidential is compelling and outweighs the public's interest in access.  This motion will be granted.

### C. Motion to Seal, Doc. 179

In briefing associated with the motion for partial summary judgment, the defendants seek to seal financial data.  *See* Doc. 178 (redacted version publicly available); Doc 181 (unredacted version under seal).  The plaintiff also seeks to seal financial data.  *See* Doc. 178 (redacted); Doc. 181 (unredacted).  Examination of the documents and the uncontradicted evidence establishes that this financial data is confidential business information.  *See* Doc. 180-1 at ¶ 5 (defendants); Doc. 182-1 at ¶ 4 (plaintiff).

Neither the defendants nor the plaintiff has made this information public, Doc. 180-1 at ¶ 6 (defendants); Doc. 182-1 at ¶ 5 (plaintiff), and competitors could use it to gain an unfair competitive advantage.  Doc. 180-1 at ¶ 7 (defendants); Doc. 182-1 at ¶ 6 (plaintiff).  Disclosure of this information is likely to harm the parties' respective business interests.  Both the plaintiff and defendants have a compelling interest in keeping this information private, and the information the parties seek to seal is narrowly

tailored to specific financial data. Given the narrow redactions, there are not alternatives sufficient to protect the parties' compelling interest. Most of this information was of minimal relevance to resolution of the underlying motion for partial summary judgment.

The parties' interest in keeping this information confidential is compelling and outweighs the public's interest in access. This motion will be granted.

### D. Motion to Seal, Doc. 38

In briefing associated with the motions for a preliminary injunction and judgment on the pleadings, the defendants filed duplicate identical declarations under oath by Tara Tan, its chief executive officer. Docs. 34, 37; *see supra* note 1. The defendants seek to seal certain paragraphs in the declaration, *see* Doc. 40 (redacted version publicly available); Docs. 34, 37 (unredacted versions under seal), and to fully seal two exhibits to the declaration. Docs. 40-3, 40-4 (placeholder exhibits); Docs. 34-3, 34-4, 37-3, 37-4 (unredacted).

The request to seal information in Ms. Tan's declaration is not narrowly tailored. *See* Docs. 34, 37, 40. They have sought to seal paragraphs 12, 13, 16, and 17 in their entirety,[3] yet only some information in those paragraphs is arguably confidential.[4] The defendants' motion to seal will be denied as to the declaration filed in duplicate at Doc.

---

[3] In the unredacted versions filed under seal, the defendants failed to highlight the portions they sought to keep under seal. *See* Docs. 34, 37. This violates the provisions of LR 5.4(c)(8) and made unnecessary work for the Court.

[4] The arguably confidential information in paragraph 12 about the dates of defendants' sales to United States consumers in 2017 has since been made public in a court order, as it was crucial to a decision on the merits. Doc. 202; Doc. 34 at ¶ 12; Doc. 37 at ¶ 12. Information about sales in other years is likely still confidential.

34 and Doc. 37. The Court is not required to use its own time and resources to narrow a party's designations of confidentiality when the party did not go to that trouble.

The defendants also seek to seal in full Exhibits C and D to Ms. Tan's declaration. These exhibits are records detailing specific sales of the defendants' products to specific identified clients. Docs. 34-3, 34-4, 37-3, 37-4. While the defendants failed to offer evidence that this information has not been made public or that disclosure would harm their business interests, it is the same kind of information that the defendants have sought to seal in connection with other briefing and for which they have offered evidentiary support. The Court is satisfied that these sales records and customer information are confidential business information.

The defendants have a compelling interest in keeping the information in Exhibits C and D private, and the information they seek to seal is narrowly tailored to financial documents. Given the nature of the documents, there are no alternatives sufficient to protect the defendants' compelling interest. Almost all of this information was of minimal relevance to resolution of the underlying motion for a preliminary injunction.

The defendants' interest in keeping the information in Exhibits C and D confidential is compelling and outweighs the public's interest in access. The defendants' motion to seal will be granted as to Docs. 34-3, 34-4, 37-3, and 37-4.

### V. Length of the Seal

Because confidential business information is typically dated after a few years, permanent sealing is not appropriate. As the parties agreed at a recent hearing, sealing this information for 10 years will more than adequately protect their interests.

Should the matter go to trial, the public interest in this information will be higher. Granting these motions does not necessarily mean that trial exhibits or testimony will be sealed. And if this information becomes public at trial, the Court will lift the seal on this information earlier.

VI. **Remaining Motions to Seal**

The Court has encountered difficulties in considering the remaining motions to seal, Docs. 66, 156, 164, for various reasons. The Court will require additional assistance from the parties to deal with the confusing filings and to clarify the matters at issue before those motions can be resolved. This will be handled by separate order.

It is **ORDERED** that:

1. The plaintiff's motion to seal, Doc. 28, is **GRANTED**, and the Clerk **SHALL** maintain Docs. 30, 31, and 31-2 through 31-12 under seal until January 2, 2035, subject to further order of the Court.

2. The defendants' motion to seal, Doc. 38, is **GRANTED in part** and **DENIED in part**.

    a. The Clerk **SHALL** maintain Docs. 34-3, 34-4, 37-3, and 37-4 under seal until January 2, 2035, subject to further order of the Court.

    b. No earlier than May 12, 2025, the Clerk **SHALL UNSEAL** Doc. 34 and Doc. 37.

3. The plaintiff's motion to seal, Doc. 48, is **DENIED**. No earlier than May 12, 2025, the Clerk **SHALL UNSEAL** Doc. 49 and Doc. 50.

4. The plaintiff's motion to seal, Doc. 175, is **GRANTED**, and the Clerk **SHALL** maintain Doc. 176 under seal until January 2, 2035, subject to further order of the Court.

5. The defendants' motion to seal, Doc. 179, is **GRANTED**, and the Clerk **SHALL** maintain Doc. 181 under seal until January 2, 2035, subject to further order of the Court.

This the 5th day of May, 2025.

_____
UNITED STATES DISTRICT JUDGE