IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| SACKS HOLDINGS, INC., | ) | |
|---|---|---|
| Plaintiff/Counterclaim Defendant | ) | |
| v. | ) | 1:23-CV-1058 |
| GRIN NATURAL USA LIMITED, et al., | ) | |
| Defendant/Counterclaim Plaintiffs. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

The plaintiff and the defendants both claim rights to the mark "Grin" in connection with oral health products. Each party seeks to seal certain information in briefs and exhibits filed in connection with cross-motions for partial summary judgment. The Court adopts by reference its explanation of the applicable law as stated in an earlier order. Doc. 204. The motions to seal will be granted in part and denied in part.

### I. The First Amendment Right of Access Applies.

The motions to seal were filed in connection with cross-motions for partial summary judgment. Docs. 156, 164. Therefore, the public has a First Amendment right of access to these materials. The public has had notice of the request to seal, as they have been on the docket for over eight months.

### II. Motion to Seal, Doc. 164

The parties each seek to seal certain exhibits in whole or in part, as well as certain excerpts of the plaintiff's brief. Doc. 164 at 1.

### A. Plaintiff's Requested Redactions

The plaintiff seeks to seal the following:

-- excerpts of its brief, Doc. 169 (redacted version publicly available); Doc. 165 (unredacted version under seal with requested redactions highlighted in blue); and

-- excerpts of Devin Chodorow's declaration, Doc. 163 (redacted); Doc. 167 (unredacted), and Exhibit A to that declaration in total. Doc. 163-1 (placeholder); Doc. 167-1 (unredacted).

All of the information the plaintiff seeks to seal concerns its sales and inventory figures, either in units or dollars, and profit and loss details. The plaintiff did not make this information public, Doc. 168-1 at ¶ 6, and competitors could use it to gain an unfair competitive advantage. *Id.* at ¶ 7. Disclosure of this information is likely to harm the plaintiff's business interests. The plaintiff has a compelling interest in keeping this information private, and the information the plaintiff seeks to seal is narrowly tailored to specific financial data. Given the narrow redactions, there are no alternatives sufficient to protect the parties compelling interest. The plaintiff's interest in keeping this information confidential is compelling and outweighs the public's interest in access.

This aspect of the motion to seal will be granted. The Clerk will maintain the following unredacted documents under seal: Doc. 165, Doc. 167, and Doc. 167-1.

### B. The Defendants' Requested Redactions

The defendants seek to seal the following:

-- parts of exhibits containing defendants' intra-company emails, Doc. 162-3 (redacted); Doc. 166-3 (unredacted);

-- portions of Tara Tan's deposition[1], Docs. 162-1, 162-2 (redacted); Docs. 166-1, 166-2 (unredacted);[2] and

-- portions of the plaintiff's brief, Doc. 169 (redacted); Doc. 165 (unredacted, with requested redactions highlighted in yellow).

The emails, Doc. 166-3, contain investor information, financial data, and retail and pricing strategy. The uncontradicted evidence establishes that this is confidential business information. Doc. 171-1 at ¶¶ 5–6. The defendants did not make this information public, *Id.* at ¶ 7–8, and competitors could use it to gain an unfair competitive advantage. *Id.* at ¶ 9. Disclosure of this information is likely to harm the defendants' business interests. The defendants have a compelling interest in keeping this information private, and the information the defendants seek to seal is narrowly tailored to specific financial data and retail and pricing strategy. Given the narrow redactions, there are not alternatives sufficient to protect the parties compelling interest. The defendants' interest in keeping this information confidential is compelling and outweighs

---

[1] For the motion to seal excerpts from Tara Tan's deposition, the Court asked the defendants to submit a chart and a printed copy of the updated requested redactions. Doc. 225 at 2. The defendants submitted the documents on June 3, 2025. In some instances, the redactions were narrowed, but the Court will cite to the documents filed on the public docket.

[2] When documents are listed in groups, as here, the first number in the "redacted list" matches up with the first number in the "unredacted list." Here, for example, Doc. 162-1, the redacted version of Ms. Tan's deposition, matches up with Doc. 166-1, the unredacted sealed version.

3

the public's interest in access. The motion to seal will be granted as to the defendants' confidential business information in Doc. 166-3 (unredacted).

The defendants' motion to seal parts of Tara Tan's deposition will be denied as overbroad. For example, the defendants ask that testimony about their attendance at a public international convention, Doc. 166-2 at 11, be sealed as "international business expansion strategies." Doc. 171-1 at ¶ 5. They have not explained why mention of their past attendance at a public event is confidential. There are several instances where the requested redaction relates to a customer name, yet an entire line or passage has been redacted rather than only the name itself. *See, e.g.*, Doc. 166-2 at 28, 29, 53. The defendants request the name of one of defendants' clients, TJX, be redacted in some places, *see, e.g.*, *id.* at 45, but not in others, *see, e.g.*, *id.* at 13. In addition to this public disclosure, it is public knowledge that TJX is one of defendant's customers since TJX is the primary location where defendants' products are publicly sold.

While a court will sometimes sort through an overbroad motion to seal if it is not too complicated, it has no duty to do so. *See, e.g.*, *Natera, Inc. v. NeoGenomics Laboratories, Inc.*, No. 23-CV-629, 2024 WL 1464744, at *4 (M.D.N.C. Apr. 4, 2024) (noting in summary that "[s]ome of the requests [to seal] were not narrowly tailored, . . . for those, the Court either denied the motion to seal or, where it was not too complicated, the Court denied the motion in part and authorized sealing only as to the confidential information."). Here, the defendants have had several opportunities to narrow the information subject to the motion to seal. *See, e.g.*, Doc. 225 at 3. They were reminded

that overbroad motions to seal will be denied. *Id.*; *see also Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (requiring that motions to seal be narrowly tailored); Doc. 192 at ¶ 7(a) (standing order). The number of requested redactions is significant, as is the burden on the Court's time to do work the defendants could and should have done, if sealing the information was actually important to them. *See* Doc. 204 at 9 (noting that "[t]he Court is not required to use its own time and resources to narrow a party's designations of confidentiality when the party did not go to that trouble.").

The defendants' motion to seal parts of Ms. Tan's deposition submitted by the plaintiff in connection with its summary judgment motion is not narrowly tailored. The defendants' motion to seal Docs. 166-1 and 166-2 (unredacted) will be denied.

The motion to seal the defendants' information in the plaintiff's brief, Doc. 169 (redacted); Doc. 165 (unredacted), will also be denied, largely for the same reason. They again seek to seal the fact that they went to trade shows in 2017, Doc. 165 at 9, along with the facts that they learned that trademark efforts in 2017 were denied, *id.* at 10, that they never had any employees in the United States, *id.* at 14, 21, and that they don't know the brick-and-mortar stores where GRIN products are sold. *Id.* at 15, 21. Yet they do not adequately explain why these facts constitute confidential business information. The financial information they seek to seal, *see, e.g.*, *id.* at 20, has mostly been disclosed in public court orders or is highly relevant to public understanding of the case.

The Clerk will unseal Docs. 166-1 and 166-2 and maintain Doc. 166-3 under seal. The Clerk will maintain the brief, Doc. 165, under seal, as it also contains information the

5

plaintiffs have successfully sought to seal. *See supra* Part II.A. Logistics for filing a properly redacted version of Doc. 169 removing the redactions for all the defendants' information are addressed at the end of this order.

### III. Motion to Seal, Doc. 156

The parties seek to seal excerpts from the defendants' brief in support of their motion for summary judgment along with and certain exhibits in whole or in part.[3]

#### A. Defendants' Requested Redactions

The defendants seek to seal the following:

-- portions of Tara Tan's deposition[4], Docs. 155-1, 155-2 (redacted); Docs. 159-1, 159-2 (unredacted);

-- certain exhibits to Tara Tan's deposition, specifically:

- parts of Docs. 155-3 through 155-5 (redacted); Docs. 159-3 through 159-5 (unredacted); and

- Docs. 155-6 through 155-8 (placeholders); Docs. 159-6 through 159-14 (unredacted),

---

[3] Related to the large number of exhibits attached to the motion to seal at Doc. 156, the Court required any party requesting redactions in the exhibits to provide a tabbed notebook with hard copies of exhibits. Doc. 225 at 3. The parties submitted the documents on June 30, 2025. In some instances, the redactions were narrowed. To maintain clarity of the public record, the Court will cite to the documents filed on the docket.

[4] Related to Tara Tan's deposition, the defendants were asked to submit a chart and a printed copy of the updated requested redactions. Doc. 225 at 2. The defendants submitted the documents on June 3, 2025. In some instances, the redactions were narrowed, as noted *infra* at 8–9, 10. Otherwise, the Court will cite to the documents filed on the docket.

6

- portions of Rena Chan's deposition, Doc. 155-12 (redacted); Doc. 159-18 (unredacted); and

- portions of two email exchanges. Docs. 155-14, 155-15 (placeholders); Docs. 159-20, 159-21 (unredacted).

### 1. Tara Tan's Deposition

The defendants' requested redactions are again overbroad. The defendants seek to seal a discussion of their website that mentions no specific client or financial information. Doc. 159-1 at 14. They want to seal a discussion of steps they took after realizing their initial trademark registration was unsuccessful even though nowhere in that discussion do they mention specific client names, business partner information, or other confidential information. *Id.* at 23. There is nothing confidential about contacting a government agency for assistance. They again seek to redact the fact that they attended a public international convention, Doc. 159-2 at 6, 7, and again fail to explain why discussion of their past attendance at a public event is confidential.

There are also several instances where the requested redaction relates to a customer or client name, yet an entire line or passage has been redacted rather than only the name or identifying description. *See, e.g.*, *id.* at 13, 23, 36–38. And the defendants again ask to seal the name of their client TJX some of the time, *see, e.g.*, *id.* at 16, 21, and not other times. *Id.* at 7. As such, this information is no longer confidential.

The Court will not spend its time working through these and other overbroad requested redactions to sort through what is appropriately sealed and what is not. The

7

motion to seal portions of Tara Tan's deposition at Docs. 159-1, 159-2 (unredacted) will be denied and the Clerk shall unseal those deposition transcripts.

### 2. Exhibits to Tara Tan's Deposition

The exhibits to Ms. Tan's deposition consist of confidential financial, client, and business development information and will remain sealed. Examination of the exhibits and the uncontradicted evidence establishes that the defendants' financial data, contracts, and contact information for clients and potential customers is confidential business information. Doc. 157-1 at ¶¶ 5–6. The defendants did not make this information public, *id.* at ¶¶ 6–7, and competitors could use it to gain an unfair competitive advantage. *Id.* at ¶ 8. Disclosure of this information is likely to harm the defendants' business interests. The defendants have a compelling interest in keeping this information private, and the information they seek to seal is narrowly tailored to specific confidential business information. Given the narrow redactions, there are no alternatives sufficient to protect the parties compelling interest. The defendants' interest in keeping this information confidential is compelling and outweighs the public's interest in access. The motion to seal will be granted as to the defendants' confidential business information in the exhibits to Tara Tan's deposition at Docs. 159-3 through 159-14 (unredacted).

The defendants informally narrowed their redactions such that Doc. 155-4 (placeholder exhibit), Doc. 159-4 (unredacted), originally tendered as sealed in its entirety with a placeholder, is no longer required to be sealed in its entirety. *See supra* note 4. As narrowed, this exhibit contains confidential business information and is

8

appropriately sealed. Logistics for filing a properly redacted version of Doc. 155-4 with only the redactions approved herein are addressed at the end of this order.

The Clerk shall maintain the following exhibits, Docs. 159-3 through 159-14 under seal.

### 3. Rena Chan's Deposition

The defendants seek to seal testimony by Rena Chan in her deposition identifying where defendants sell its Grin products in the United States. The defendants have not met their burden to show why the fact that Grin products are sold at TJ Maxx, online, or on Amazon is confidential information. Doc. 159-18 at 6. The defendants included three of these sellers in their own brief in support of summary judgment without redaction. Doc. 154 at 11. The motion to seal portions of Rena Chan's deposition, Doc. 159-18 (unredacted), will be denied and the Clerk shall unseal Doc. 159-18.

### 4. Email Exchanges with Client Contact Information.

The emails at Docs. 155-14, 155-15 (redacted); Docs. 159-20, 159-21 (unredacted) contain client contact details and the uncontradicted evidence establishes that this is confidential business information. Doc. 157-1 at ¶¶ 5–6. The defendants did not make this information public, *Id.* at ¶¶ 6–7, and competitors could use it to gain an unfair competitive advantage. *Id.* at ¶ 8. Disclosure of this information is likely to harm the defendants' business interests. The defendants have a compelling interest in keeping this information private, and the information they seek to seal is narrowly tailored to specific confidential business information. Given the narrow redactions, there are no alternatives

9

sufficient to protect the parties' compelling interest. The defendants' interest in keeping this information confidential is compelling and outweighs the public's interest in access. The motion to seal will be granted as to the defendants' confidential business information in the email exchanges. Docs. 159-20, 159-21 (unredacted).

The defendants informally narrowed their redaction request to these exhibits. *See supra* note 4. Logistics for filing properly redacted versions of Docs. 155-14 and 155-15 with only the redactions approved herein are addressed at the end of this order. The Clerk shall maintain Docs. 159-20 and 159-21 under seal.

### B. Plaintiff's Requested Redactions

The plaintiff seeks to seal the following:

-- portions of Devin Chodorow's deposition, Doc. 155-9 (redacted); Doc. 159-15 (unredacted),

-- two exhibits to Devin Chodorow's deposition in their entirety, Docs. 155-10, 155-11 (placeholder exhibits); Docs. 159-16, 159-17 (unredacted),

-- portions of many email exchanges, Docs. 155-22 through 155-25, 155-27 through 155-29, 155-31 through 155-39, 155-41 through 155-106 (redacted); Docs. 159-28 through 159-31, 159-33 through 159-35, 159-37 through 159-45, 159-47 through 159-112 (unredacted), and

-- two contracts. Docs. 155-30, 155-40 (placeholders); Docs. 159-36, 159-46 (unredacted) and a sales receipt. Doc. 155-107 (placeholder); Doc. 159-113 (unredacted), all three in their entirety.

### 1. Devin Chodorow's Deposition

Many of the plaintiff's requested redactions to Mr. Chodorow's deposition would be appropriate if they had been narrowly tailored. They concern details of the witness's contacts with customers and salespeople. Doc. 155-9 (redacted); Doc. 159-15 (unredacted). But the requested redactions are overbroad, as the following examples show. The requested redactions to questions and answers about financial documents and business and retail contacts could and should have been more narrowly tailored. Doc. 159-15 at 13–18, 21–30, 32–35, 83–86. There is a generic mention of Mr. Chodorow's mother and father, *id.* at 19, which is not financial or client information; nor is it confidential, as the very next line mentions his mother without redaction, *id.*, and everyone has parents. The plaintiff does not explain why Mr. Chodorow's testimony about information a customer gave him about products offered for public sale by the defendant is confidential. *Id.* at 81.

Like the defendants, the plaintiff was advised earlier of the need to narrow redactions and that overbroad motions to seal would be denied. The Court does not have time to sort through this for the plaintiff. The plaintiff's motion to seal parts of Devin Chodorow's deposition at Doc. 159-15 (unredacted) will be denied and the Clerk shall unseal that filing.

### 2. Exhibits to Devin Chodorow's Deposition

The plaintiff seeks to seal in its entirely an exhibit to Mr. Chodorow's deposition in the form of plaintiff's profit and loss statement. Doc. 155-10 (placeholder exhibit);

Doc. 159-16 (unredacted). The uncontradicted evidence establishes that the plaintiff's financial information is confidential business information. Doc. 172-1 at ¶¶ 4–5. The plaintiff did not make this information public, and competitors could use it to gain an unfair competitive advantage. *Id.* at ¶ 8. Disclosure of this information is likely to harm the plaintiff's business interests. The plaintiff has a compelling interest in keeping this information private, and the information the plaintiff seeks to seal is narrowly tailored to specific financial data. Given the narrow redactions, there are no alternatives sufficient to protect the parties' compelling interest. The plaintiff's interest in keeping this information confidential is compelling and outweighs the public's interest in access. The motion to seal will be granted as to the plaintiff's confidential business information in the exhibit at Doc. 159-16 (unredacted).

The plaintiff also seeks to seal in its entirety an email with a customer about new GRIN products the plaintiff was offering. Doc. 155-11 (placeholder exhibit); Doc. 159-17 (unredacted). The uncontradicted evidence establishes that the plaintiff's customer communications about new products is confidential business information. Doc. 172-1 at ¶¶ 4–5. The plaintiff did not make this information public, and competitors could use it to gain an unfair competitive advantage. *Id.* at ¶ 8. Disclosure of this information is likely to harm the plaintiff's business interests. The plaintiff has a compelling interest in keeping this information private. The information the plaintiff seeks to seal is narrowly tailored; while arguably a few words here or there and the photos are not confidential, the exhibit would be nonsensical if produced in redacted form. The plaintiff's interest in

12

keeping this information confidential is compelling and outweighs the public's interest in access. The motion to seal the exhibit at Doc. 159-17 will be granted.

The Clerk shall maintain Docs. 159-16 and 159-17 under seal.

### 3. Email Exchanges

The plaintiff seeks to seal parts of many exhibits containing email exchanges. Where the plaintiff highlighted the title of an attachment to an email, the Court considered that to be a request to redact the attachment in its entirety. Where the plaintiff did not highlight the title of an attachment, the Court considered that the plaintiff was not requesting a redaction of the attachment.

The Court has examined every page of every email exchange. While the motion to seal is narrowly tailored as to a few of these exhibits, it is not as to the majority. The overbroad requests will be denied.

The email exchanges at Docs. 155-22, 155-23, 155-24 (redacted) and Docs. 159-28, 159-29, 159-30 (unredacted) contain business contact and strategy information that is confidential business information. Doc. 172-1 at ¶¶ 4–5. The plaintiff did not make this information public, and competitors could use it to gain an unfair competitive advantage. *Id.* at ¶ 7. Disclosure of this information is likely to harm the plaintiff's business interests. The plaintiff has a compelling interest in keeping this information private, and the information the plaintiff seeks to seal is narrowly tailored to specific business contact and strategy information. Given the narrow redactions, there are no alternatives sufficient to protect the parties' compelling interest. The plaintiff's interest in keeping

13

this information confidential is compelling and outweighs the public's interest in access. The motion to seal will be granted as to the plaintiff's confidential business information in the email exchange at Docs. 159-28, 159-29, 159-30 (unredacted).

The email exchanges at Docs. 155-58, 155-83, 155-84 (redacted); Docs. 159-64, 159-89, 159-90, (unredacted) similarly contain confidential business information appropriately sealed for the same reasons. But the attachments to these emails will not be sealed. As best the Court can tell, the defendants included the attachments to these emails as part of the motion to seal, apparently thinking the plaintiff had designated them as confidential; but it appears the plaintiff either never did or no longer contends those attachments should be sealed. The motion to seal will be granted as to the plaintiff's confidential business information in the email exchanges at Docs. 159-64 at 2, 159-89 at 2, 159-90 at 2 (unredacted), but the email attachments in the remaining pages of those exhibits will be unsealed.

The request to seal the email exchange at Doc. 155-95 (redacted); Doc. 159-101 (unredacted) will be denied. There is nothing confidential in the email itself, Doc. 159-101 at 2, and the plaintiff did not seek to seal the attachment. The Clerk shall unseal Doc. 159-101.

The requested redactions in the other email exchanges are overbroad. Salutations, *see, e.g.*, Doc. 159-34, scheduling details, *see, e.g.*, Docs. 159-33, 159-34, and transmittal communications, *see, e.g.*, Doc. 159-31, 159-35, are not confidential. The motion to seal the email exchanges at Docs. 159-31, 159-33 through 159-35, 159-37 through 159-44,

14

159-47 through 159-63, 159-65 through 159-88, 159-91 through 159-100, 159-102 through 159-112 (unredacted) will be denied.

The email exchange at Doc. 155-39 (redacted), Doc. 159-45 (unredacted) contains the same information as other email exchanges that will be unsealed, *see, e.g.*, Doc. 159-52, so this information is no longer confidential. The motion to seal the email thread at Doc. 159-45 (unredacted) will be denied.

The Clerk shall unseal Docs. 159-31, 159-33 through 159-35, 159-37 through 159-45, 159-47 through 159-63, 159-65 through 159-88, and 159-91 through 159-112. The Clerk shall maintain Docs. 159-28 through 159-30 under seal. Logistics for filing properly redacted versions of Docs. 155-58, 155-83, and 155-84 with only the redactions approved herein are addressed at the end of this order. The Clerk will maintain Docs. 159-64, 159-89, and 159-90 under seal.

### 4. Contracts and Sales Receipt

Examination of the contracts and sales receipt at Docs. 155-30, 155-40, 155-107 (redacted); Docs. 159-36, 159-46, 159-113 (unredacted) and the uncontradicted evidence establish that these exhibits contain confidential business information. Doc. 172-1 at ¶¶ 4–5. The plaintiff did not make this information public, and competitors could use it to gain an unfair competitive advantage. *Id.* at ¶¶ 7–8. Disclosure of this information is likely to harm the plaintiff's business interests. The plaintiff has a compelling interest in keeping this information private, and the information the plaintiff seeks to seal is narrowly tailored to specific financial data. Given the narrow redactions, there are no

15

alternatives sufficient to protect the parties' compelling interest. The plaintiff's interest in keeping this information confidential is compelling and outweighs the public's interest in access. The motion to seal will be granted as to the plaintiff's confidential business information in the exhibits at Docs. 159-36, 159-46, 159-113 (unredacted), and the Clerk shall maintain the exhibits under seal.

### C. Defendants' Brief in Support of Summary Judgement, Appendix of Evidence, and Declaration of Latoya Tyson

Both the defendants and the plaintiff claim confidentiality in the following documents:

- -- defendants' brief in support of their motion for summary judgment, Doc. 154 (redacted); Doc. 158 (unredacted, defendants' requested redactions highlighted blue, plaintiff's requested redactions highlighted in yellow),

- -- the appendix of evidence, Doc. 155 (redacted); Doc. 159 (unredacted, defendants' requested redactions highlighted blue, plaintiff's requested redactions highlighted in yellow), and

- -- the declaration of Latoya Tyson.[5] Doc. 155-13 (redacted); Doc. 159-19 (unredacted, defendants' requested redactions highlighted blue, plaintiff's requested redactions highlighted in yellow).

---

[5] The defendants did not specifically label this exhibit. *See* Doc. 156 at 2. The motion to seal identifies this exhibit as attached to the appendix of evidence under the heading of the defendants' claim of confidentiality and fails to identify that the plaintiff's information is also included. *Id.* Because the exhibit includes largely the same information as the appendix of evidence and the plaintiff addressed the "Appendix of Evidence" in Devin Chodorow's declaration, Doc. 172-1 at ¶ 6, this exhibit will be treated as if the plaintiff properly asserted confidentiality.

In light of the exhibits to be unsealed by this Order, there is no reason to seal much of the information in the brief, the appendix, and the declaration of Latoya Tyson. But the evidence, Doc. 157-1 at ¶¶ 5–6 (defendants); Doc. 172-1 at ¶ 5 (plaintiff), shows that other information in these materials is confidential business information. Except to the extent the information will otherwise be unsealed as ordered elsewhere herein, the information in these materials is financial and client data that neither the defendants nor the plaintiff made public, and competitors could use it to gain an unfair advantage. Doc. 157-1 at ¶¶ 6–8 (defendants); Doc. 172-1 at ¶ 6 (plaintiff). The litigants have a compelling interest in keeping this information private, and the information they seek to seal is narrowly tailored to specific confidential business information. Given the narrow redactions, there are no alternatives sufficient to protect the parties' compelling interest. The litigants' interest in keeping this information confidential is compelling and outweighs the public's interest in access.

Logistics for filing properly redacted versions of Docs. 154, 155, and 155-13 with only the redactions approved herein are addressed below. Assuming such revised redacted documents are provided, the Clerk shall maintain Docs. 158, 159, and 159-19 under seal.

### IV. Logistics

The Court expects the parties to work together and with the Court Operations Manager to accomplish the directives of this Order as to those documents where motions have been denied in part. The docket will be clearest for the public if the parties provide

substitute redacted exhibits and briefs that comply with this Order to the Court Operations Manager, who can substitute them for the originally filed document. If any party would prefer to maintain the record as is for purposes of appellate review or any other reason, then the party must make it reasonably easy for the public to put together the puzzle that this will create; that will almost certainly require the filing of a chart, identifying the kind of document, the original docket number of the redacted version, the docket number of the unredacted version, and the new docket number of the revised redacted version. The Court will set a deadline for the parties to show compliance by providing appropriately redacted substitutes to the Court Operations Manager or to file a plan for compliance for court review and approval.

Consistent with previous orders sealing the kind of confidential business information similar to that at issue here, the Court finds that a ten-year seal is sufficient.

It is **ORDERED** that:

1. The defendants' motion to seal, Doc. 156, is **GRANTED in part** and **DENIED in part**, as follows

    a. The Clerk **SHALL** maintain Docs. 158, 159, 159-3, 159-4, 159-5, 159-6, 159-7, 159-8, 159-9, 159-10, 159-11, 159-12, 159-13, 159-14, 159-16, 159-17, 159-19, 159-20, 159-21, 159-28, 159-29, 159-30, 159-36, 159-46, 159-64, 159-89, 159-90, and 159-113 under seal until January 2, 2035, subject to further order of the Court.

b. The Clerk **SHALL UNSEAL** Docs. 159-1, 159-2, 159-15, 159-18, 159-31, 159-32, 159-33, 159-34, 159-35, 159-37, 159-38, 159-39, 159-40, 159-41, 159-42, 159-43, 159-44, 159-45, 159-47, 159-48, 159-49, 159-50, 159-51, 159-52, 159-53, 159-54, 159-55, 159-56, 159-57, 159-58, 159-59, 159-60, 159-61, 159-62, 159-63, 159-65, 159-66, 159-67, 159-68, 159-69, 159-70, 159-71, 159-72, 159-73, 159-74, 159-75, 159-76, 159-77, 159-78, 159-79, 159-80, 159-81, 159-82, 159-83, 159-84, 159-85, 159-86, 159-87, 159-88, 159-91, 159-92, 159-93, 159-94, 159-95, 159-96, 159-97, 159-98, 159-99, 159-100, 159-101, 159-102, 159-103, 159-104, 159-105, 159-106, 159-107, 159-108, 159-109, 159-110, 159-111, and 159-112.

c. The Parties **SHALL** work together to provide versions of Docs. 154, 155, 155-4, 155-13, 155-14, 155-15, 155-58, 155-83, and 155-84 properly redacted to be consistent with this Order to the Court Operations Manager who can substitute them for the originally filed documents; the parties **SHALL** file a certificate of compliance no later than October 15, 2025; if any party would prefer to maintain the record as is for purposes of appellate review or any other reason, then the party **SHALL** file a plan for compliance by October 15, 2025.

2. The plaintiff's motion to seal, Doc. 164, is **GRANTED in part** and **DENIED in part**, as follows

a. The Clerk **SHALL** maintain Docs. 165, 166-3, 167, 167-1 under seal until January 2, 2035, subject to further order of the Court.

b. The Clerk **SHALL UNSEAL** Docs. 166-1 and 166-2.

c. The Parties **SHALL** work together to provide a version of Doc. 169 properly redacted to be consistent with this Order to the Court Operations Manager who can substitute it for the originally filed document; the parties **SHALL** file a certificate of compliance no later than October 15, 2025; if any party would prefer to maintain the record as is for purposes of appellate review or any other reason, then the party **SHALL** file a plan for compliance by October 15, 2025.

3. Any motion to extend the seal **SHALL** be filed at least 90 days before the seal is scheduled to expire.

This the 24th day of September, 2025.

_____
UNITED STATES DISTRICT JUDGE